# SUPREME COURT.

## The Farmers' Loan and Trust Company agt. Michael Dickson and others.

A *lis pendens*, filed before the service of the summons, becomes operative on such service.

The court is not deemed to acquire jurisdiction of the cause until the service of the summons, and, until served on each defendant, the action as to him is not commenced. The provision as to delivering the summons to the sheriff is limited solely to the statute of limitations.

The amendment to section 132 of the Code, in 1858, places a purchaser whose deed is not recorded in the same condition as if he were a party to the foreclosure—and until the summons is served on him he is not affected by the notice of *lis pendens;* and until served *on his grantor* he is not included in the description of subsequent grantee.

A certificate of the sheriff of Westchester, of the service of a summons in the city of New-York, is bad. A sheriff has no authority to do official acts out of his county.

A *summons* and *complaint* (original) should be *signed* by the plaintiff or his attorney—the printed name of the attorney to the summons and complaint is a nullity.

*New-York Special Term, September,* 1859.

Motion to discharge purchaser from his purchase of the premises, under a mortgage foreclosure sale. ·

——— *for motion.*
——— *opposed.*

Ingraham, Justice. The purchaser of mortgaged premises objects to the title as defective, and moves to be discharged from the purchase, and to have the ten per cent. paid by him refunded.

1. Because the owners of the equity of redemption are not made parties. The *lis pendens* was filed with the complaint in the clerk's office on December 29th, 1858, but the summons was not served on the defendants, Livingston and wife, until 26th January, 1859. On the 13th November, 1858, Livingston

and wife conveyed the mortgaged premises to Bortano and others, but the deed was not recorded until 18th January, 1859, and these grantees were not parties to the action.

I have heretofore held that a *lis pendens* filed before service of the summons becomes operative on such service, and giving that effect to the *lis pendens* in this case, it became operative on the 26th January, 1858, as to Livingston and wife. (*Benson* agt. *Sayre*, *July*, 1858, *reported* 7 *Abb*. 472, *note*. *See also Waring* agt. *Waring*, 7 *Abb*. 472.)

The court is not deemed to acquire jurisdiction until the service of the summons (§ 139), and until served on each defendant the action as to him is not commenced. (§ 99.) The provision as to delivering the summons to the sheriff is limited solely to the statute of limitations. The amendment of 1858 (*p*. 491) does not remedy the difficulty. If the summons had been served on Livingston and wife before the deed from Livingston to Bortano had been recorded, then the amended section of 1858 would have applied, and the notice of *lis pendens* filed previously would have been effectual against the grantees, but neither before nor after the amendment of 1858 was the *lis pendens* of any value until the action was actually commenced against the defendant sought to be affected by it. The amended section of 1858 places a purchaser, whose deed is not recorded, in the same condition as if he were a party. If the grantees of Livingston had been parties to the action, they would not have been affected by the filing of the notice of *lis pendens* until the summons was served upon them; they are in no worse condition as purchasers, and, until the summons was served on Livingston, they were not included in the description of subsequent grantees.

2. The proof of service of the summons, by a certificate of the sheriff of Westchester of a service in the city of New-York, objected to, is bad. The sheriff of Westchester had no authority to do official acts out of his county, and his certificate, therefore, was. not proof. But this difficulty can be remedied by filing an affidavit of service *nunc pro tunc*.

3. The summons should have been signed by the plaintiff

or his attorney (§ 128), and the printed name of the attorney was a nullity. As the copy served was correct, the plaintiff might also file a copy properly signed *nunc pro tunc*.

4. The same remark applies to the complaint on file—as well as the other errors in practice. They can be remedied on application to the court.

For the first reason, however, I am of the opinion that the title is not perfect, and that the purchaser should not be compelled to complete his purchase.

The motion must be granted to discharge the purchaser from his purchase, to direct the repayment of the ten per cent. and interest, and that the plaintiff pay him a counsel fee and his disbursements in examining the title, with $10 costs of action.