## SLOPER AND KELSO *v.* CAREY.

### NOTICE OF APPEAL—SERVICE BY CONSTABLE.

The certificate of a constable that he served a notice of appeal from the judgment of a justice's court in the county, but did not designate the precinct, was not sufficient proof of service to give the circuit court jurisdiction on appeal.

APPEAL from Polk.  The facts are stated in the opinion.

*Holmes & Thayer*, for appellant.

*Bonham & Ramsey*, for respondent.

By the Court, WATSON, J.:

The appellant attempted to take an appeal from the judgment of the justice's court for Monmouth precinct, to the circuit court of Polk county.  The service of the notice of appeal was made by the constable of Monmouth precinct.  The only proof of service was his certificate that he served the respondents personally, in Polk county, Oregon.  The circuit court dismissed the appeal on account of the insufficiency of this proof of service.  Sec. 517 of the code gives the constable in such cases the same right to serve the notice as it does the sheriff.  Such we conceive to be the correct construction of that section.  But neither the constable nor sheriff can make such service in his official character outside of his territorial jurisdiction, unless expressly or impliedly authorized so to do by statute, and a return of service by either, under his official certificate alone, at a place outside of his bailiwick, is no proof of service.  (17 How. Pr., 477; 9 Abb. Pr., 61.)  This case is distinguishable from that of service of a summons or other process issuing from justice courts which may be served, under some circumstances, in other precincts than the one in which the court is held.  Being expressly authorized by statute to make the service in such instances, without any limitation, we think the power to

serve co-extensive with the scope of the process itself. Here, there is such implied authority.

But it is insisted by appellant that it will be presumed that the service was made within the territorial limits of the constable's authority. Such seems to be the rule, supported by many authorities, where no place of service is specified in the return. (4 G. Greene [Iowa] 468; 12 Mo. 143.) But here the place of service is specified and there is no place for such presumption. It is true the precinct is within the county, but with such a return before us, we cannot say that the constable intends to be understood as certifying that the service was made in that particular precinct, which we might under the authorities cited do, if no place had been designated. If he actually made the service in any part of Polk county he could not be made liable for a false return, because of not having made the service in his own precinct.

The judgment of the circuit court is affirmed with costs. Judgment affirmed.