JOSEPH FOXELL et al., Appellants, *v.* GEORGE W. FLETCHER, Respondent.

Defendant being indebted to the plaintiffs in the sum of $956.28 then due, the latter agreed in writing to give time for the payment " not exceeding thirty-eight months from the date " of the agreement, and that they would " accept monthly payments of not less than $25 a month, to be paid on the first of each and every month until the whole amount " was paid. The agreement recited that one A., " in order to secure said monthly payments," had deeded to plaintiffs certain premises as collateral security, in consideration whereof they, on payment of the indebtedness in accordance with the terms of the agreement, would reconvey, etc. *Held,* that the agreement was not an absolute extension of the whole debt for thirty-eight months, but the time of payment was extended by making the amount payable in monthly payments of not less than $25 each, the whole to be paid within thirty-eight months ; and that, therefore, upon default in paying any installment, an action was maintainable therefor.

This action was brought upon the original indebtedness ; the summons was issued before the making of the agreement, but was not served until over two months thereafter, at which time defendant had not paid any part of the indebtedness. *Held,* that the action should be deemed to have commenced when the summons was served ; and that, in the absence of a stipulation in the agreement that upon default in the payment of any installment the whole should become due, plaintiff was entitled to recover only the installments then due.

Also *held,* that plaintiffs were not bound to surrender their security ; that the retention thereof did not preclude them from recovery on the personal liability of the debtor.

(Argued December 13, 1881 ; decided January 17, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon

an order made November 16, 1880, which affirmed a judg-
ment in favor of defendant, entered upon a decision of the
court on trial by the court. '

The summons in this action was issued to the sheriff for
service January 3, 1877.

The action was brought to recover an indebtedness of
$956.28.   On January 6, 1877, plaintiffs executed the follow-
ing agreement, in consideration of the conveyance to them as ·
therein stated;

"WHEREAS, George W. Fletcher is indebted to us in the
sum of $956.28, and is at present unable to pay the same;
and   .                       .

"WHEREAS, We have agreed to give said Fletcher time to
pay the same, not exceeding thirty-eight months from the date
hereof, and that we will accept monthly payments of not less
than $25 a month, to be paid on the first of each and every
month until the whole amount of $956.28 be paid, with in-
terest thereon from July 1, 1876; and

"WHEREAS, Joseph R. Andrews, in order to secure said
monthly payments, has conveyed to us his interest in a plot
of land at Newark, New Jersey, more fully described in and
by a certain deed dated even date herewith, and which deed is
intended to be given as collateral security for said indebted-
ness:

"*Now, therefore,* We, the undersigned, in consideration of
said conveyance, and one dollar to each of us in hand paid, do
hereby covenant and agree with said Joseph R. Andrews that
in case said indebtedness of $956.28, with interest, be paid
according to the terms of the above agreement, we will exe-
cute a deed of conveyance of the said premises to said Joseph
R. Andrews, his heirs and assigns.                   .

"FOXELL & JONES."

On March, 1877, defendant not having paid any part of the
indebtedness, the summons was served upon him.   The court
found that by the agreement the time of payment of the whole

indebtedness was extended thirty-eight months, and that defendant was not obligated to pay in monthly installments.

*R. A. Parmenter* for appellants.   In construing a written instrument, especially when it is drawn inartificially, the court may resort to the extrinsic circumstances surrounding the transaction, so as to place themselves in the situation of the parties whose language is to be construed, and may look at all surrounding circumstances, and the pre-existing relations between the parties.   (*Blossom* v. *Griffin*, 13 N. Y. 569 ; *Hasbrook* v. *Paddock*, 1 Barb. 635 ; *Doolittle* v. *Southworth*, 3 id. 79 ; *Reynolds* v. *Commerce F. Ins. Co.*, 47 N. Y. 597 ; *Pitney* v. *Glens Falls Ins. Co.*, 65 id. 6.)   Whether making monthly payments was a condition upon which the extended credit was given depends upon the intention of the parties, and not on any formal arrangement of the clauses or words in the instrument.   (*Glaholin* v. *Hays*, 40 Eng. C. L. 257; 10 East, 295.) Upon the defendant's failure to pay the first two installments, the whole debt revived.   (*Upham* v. *Smith*, 7 Mass. 365 ; *Edwards* v. *Hancher*, 16 Eng. R. [Moak's ed.] 458.)·

*J. Stewart Ross* for respondent.   If there be any doubt or ambiguity in the construction of an agreement, it must be construed most strictly against the parties who executed it, and liberally in favor of the party to whom it was delivered.   (56 Barb. 21, 114.)   The agreement between plaintiffs and defendant was valid under the statute of frauds.   By its terms defendant was not prevented from performing it within a year. (*Moore* v. *Fox*, 16 Johns. 244 ; *McLess* v. *Hall*, 10 Wend. 426 ; *Plimpton* v. *Curtis*, 15 id. 386 ; *Artcher* v. *Zeller*, 5 Hill, 200.)

Rapallo, J.   We think that the true interpretation of the agreement of January 5, 1877, is, that the plaintiffs agreed to extend the time of payment of the $956.28 then due them, by making the amount payable in monthly payments of not less than $25 each, to be paid on the first day of each month, thus giving the defendant not exceeding thirty-eight months within

which to pay the whole debt, and the consideration for this extension was the conveyance by Andrews of the land at Newark as security. The construction sought by the defendant to be put upon this stipulation, and which was sustained by the court below, was, that there was an absolute extension of the whole debt for thirty-eight months, and that it was optional with the defendant whether or not to make the monthly payments; but this construction seems to us at variance with the spirit and intent of the agreement, and with its language when read as an entirety. It is true that it states that the plaintiffs have agreed to accept monthly payments, but we do not think that this means that they had agreed to accept these payments in lieu of a payment of the whole amount at the end of thirty-eight months, but that they would accept them in lieu of the payment of the whole amount which was due, and which they had the right to exact immediately, and that the extension of not exceeding thirty-eight months was not an absolute extension of the whole debt, without regard to the monthly payments, but the extension which would result from accepting payment in monthly installments; that is, they gave the defendant not exceeding thirty-eight months within which to pay in installments of not less than $25 on the first of each month. These installments were fixed at a minimum amount, which would about discharge the principal of the debt in thirty-eight months if no more than $25 per month were paid, and sooner if the payments were made larger, and an understanding that they should be due and payable on the first of each month was necessarily implied. The whole debt was to be discharged within thirty-eight months, and although the plaintiffs could not during the running of the time exact more than $25 per month, yet if the defendant did not make the payments large enough to discharge it within the time, he would doubtless have been bound to pay the residue at its expiration. There was no need of an express promise to pay the installments, for the whole debt was due, and the extension given operated only for the first month, and after that upon the amounts which would from time to time remain owing after the payment of

installments. This view is confirmed by the form in which the security was taken. The instrument recites that Andrews has conveyed the lot of land, not as security for the payment of the entire debt at or before the expiration of thirty-eight months, but "to secure said monthly payments." This conveyance was in substance a mortgage to secure the installments as they became due, and could have been foreclosed before the end of the time if these installments were not paid. It assumes that the principal debtor was bound to pay them, and shows that the parties so understood. If, at the time the agreement of January 5th was made, the original debt had not been due, and the object had been to give the defendant the privilege of discharging it before maturity, there would have been room for the position he now takes. But he cannot place himself in that position by separating the different sentences of the agreement, and reading the agreement to give time not exceeding thirty-eight months, without reference to the other parts of the instrument, which show the manner in which the payment was to be made within that time. At the time this action was commenced, two of the monthly installments had become payable, but it does not follow that the whole debt had become due. The debt was, by the agreement and in consideration of the security given, changed from one payable immediately to one payable in monthly installments, and in the absence of a stipulation, that, on default in the payment of any of these, the whole should become due, the plaintiffs were entitled only to recover the installments due at the time of the commencement of the action. They cannot now recover more, without taking the necessary steps to enable them to bring in installments accruing since the commencement of the action. The plaintiffs were not bound to surrender their security. They could have enforced it for the collection of the installments as they fell due, and their retention of it did not preclude them from recovering on the personal liability of their debtor. We think the action must be regarded as having been commenced on the 26th of March, 1877, when the summons was served.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.