DANIEL FREEMAN, PLAINTIFF IN ERROR, v. J. M. BURKS, DEFENDANT IN ERROR.

1. **Appearance.** A defendant who appears specially in a case for the purpose of objecting to the jurisdiction of the court over his person must specifically point out the defect which it is claimed prevents the court from acquiring jurisdiction.

2. ———: CHANGE OF VENUE. A defendant by filing an affidavit for a change of venue enters a general appearance in the action.

3. **Bill of Particulars.** A bill of particulars in a justice's court which sets out a copy of the notes sued on, and alleges that there is due thereon from the defendant to the plaintiff a specified sum, is sufficient.

ERROR to the district court for Gage county. Tried below before DAVIDSON, J.

*A. Hardy*, for plaintiff in error.

*J. N. Rickards*, for defendant in error.

MAXWELL, J.

The defendant in error brought an action against the plaintiff before a justice of the peace to recover the sum of $53.50 and interest, on two promissory notes. The justice issued a summons to which was appended his name in print. The plaintiff herein thereupon employed an attorney, who filed a motion as follows: "And now comes Daniel Freeman, the defendant, by his attorney, for the sole purpose of challenging the jurisdiction of the court in this action over the person of the defendant, and asks that this action be dismissed for that the court has not obtained jurisdiction in the premises." Which motion was duly signed. The attorney also filed an affidavit for a change of venue to *hear the motion.* The case was thereupon transferred to another justice who overruled the

motion and rendered judgment in favor of Burks. The plaintiff thereupon filed a petition in error in the district court, where the judgment of the justice was affirmed.

A party who appears by motion to object to the jurisdiction of the court over his person by reason of a defect in the process or its service, must point out specifically the objection complained of. It is not sufficient merely to object to the jurisdiction, but the reason for such objection must be stated. Objections which are entirely technical are not favored, and a party who seeks to take advantage of them must himself be free from fault. But if the motion had been sufficiently specific, still the plaintiff herein by filing the affidavit for a change of venue had entered a general appearance in the action and could not afterwards object to the jurisdiction.

Objection is made to the bill of particulars as not stating a cause of action; but this objection is untenable. It is alleged in the bill that Daniel Freeman is justly indebted to J. M. Burks "in the sum of fifty-three dollars and fifty cents and interest, on two certain promissory notes hereto attached, marked Exhibit A and B, which is made a part hereof," etc. This is sufficient. Where sufficient facts appear to show a cause of action, a reviewing court will disregard merely formal defects, which do not affect the merits of the controversy. It is apparent that justice has been done, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.