Cook v. Hester.

---

HENRY COOK, PLAINTIFF IN ERROR, V. MELVILLE C.
HESTER, DEFENDANT IN ERROR.

1. **Justice of Peace :** PRACTICE. Bill of particulars examined
   and *Held,* Sufficient when attacked after judgment in a cause
   where the parties had appeared and a trial was had upon the
   merits of the case.

2. ———— : PROCEDURE. Where jurisdiction appears, all matters
   relating to the form of procedure in justice courts will be con-
   strued with great liberality.

ERROR to the district court for Adams county.   Tried
below before MORRIS, J.

*John M. Ragan* and *J. B. Cessna,* for plaintiff in error.

*Hester & McCreary,* for defendant in error.

REESE, J.

This action was instituted before a justice of the peace
in Adams county.   On the day fixed for trial the parties
appeared, defendant in error in person, plaintiff in error
in person, and by his attorney.   A trial was had to the
court which found in favor of defendant in error. and ren-
dered judgment thereon.

The recital of the justice's docket is that "a trial was
had to the court, a jury being waived by both parties."
Plaintiff and defendant, with their several witnesses, were
sworn and the cause submitted upon its merits without any
objection being made to the form or substance of the bill
of particulars.   After judgment the cause was removed to
the district court on error by plaintiff in error—who was
defendant below—and upon an affirmance of the judgment
of the justice the cause is brought to this court by like pro-
ceedings.

24

The only contention of plaintiff in error is that the bill of particulars filed before the justice of the peace did not state facts sufficient to constitute a cause of action.

The following is a copy of it:

"STATE OF NEBRASKA, }
    Adams County,      } ss.

Bill of particulars before John F. Battenger, a justice of · the peace of Denver Township, Adams county.

MELVILLE C. HESTER, plaintiff, }
            vs.,                 }
HENRY COOK, defendant.           }

The plaintiff in the above-entitled action says the said defendant was and is indebted to the plaintiff in the sum of eighty-nine dollars and sixty cents for seventeen stock hogs weighing 2,240 pounds gross on the 20th day of December, 1884, with interest thereon at seven per centum from said day, for which sum and interest, with his costs herein, plaintiff asks judgment.

MELVILLE C. HESTER."

Section 952 of the civil code provides that "The bill of particulars must state in a plain and direct manner the facts constituting the cause of action," etc.

In *Freeman v. Burks*, 16 Neb., 328, and *Wells v. Turner*, 14 Id., 445, it was held that the filing of a promissory note with the justice before whom an action was commenced was a sufficient compliance with the foregoing section, and in *Crossley v. Steele*, 13 Id., 219, it was held that a bill in the form of an account, with a statement that the plaintiff charged the defendant with damage to crops as stated in the account was sufficient.

As stated in the latter case, all matters relating to the form of proceeding in justice courts will be construed with great liberality.

In the case at bar the cause was tried upon its merits. There is no doubt but that the bill of particulars fully ap-

prised plaintiff in error of the nature of the claim against him. No objection was made until after judgment. In such case there would have to be a clear and palpable failure to comply with the law, resulting in prejudice to the party complaining, before a reviewing court would interfere. In this case there is a substantial compliance with the section above quoted, and there is no prejudice resulting from the defect of form.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.