[ Filed January 13, 1890. ]

M. V. BILYEU, ET AL., RESPONDENTS, *v.* E. O. SMITH, APPELLANT.

ACTION TO RECOVER MINING CLAIM—APPEAL—UNDERTAKING.—In appealing from the judgment of a justice of the peace in an action to recover the possession of a mining claim under the Code, an undertaking given in accordance with § 9182 thereof is sufficient, not only for a stay of proceedings on the judgment, but for an appeal as well.

UNDERTAKING—AMOUNT FIXED BY JUSTICE—PRESUMPTION.—Where the justice of the peace fixes the amount of the undertaking in such case, it will be presumed that he fixed an amount sufficient, in his judgment, to compensate the adverse party for the use or profits of the claim during the pendency of the appeal, and for the costs and disbursements of the action in the appellate court, including the costs and disbursements of the action which would accrue, as well as those which had already accrued.

MOTION TO DISMISS MUST DISTINCTLY POINT OUT DEFECT OR ERROR.—A motion to dismiss an appeal for a technical error or defect in the proceedings should not be entertained by the appellate court unless such error or defect is specifically and definitely pointed out in the motion.

CARE IN JUDGMENT.—Where respondents filed a motion to dismiss an appeal to the supreme court from a judgment of a circuit court upon the grounds of an alleged defect in the undertaking, and the certificate of the clerk of the circuit court to the transcript showed that an undertaking had been given, with a surety named therein, and that the undertaking was given for an appeal, and for a stay of proceedings also, as provided in subdivision 1 of § 541 of the Code, and there was no authenticated proof as to the terms and conditions of the undertaking; *Held*, that the appellate court would not consider the motion.

APPEAL from a decision of the circuit court for the county of Linn, dismissing an appeal to that court from a judgment of the justice's court for East Albany precinct, county of Linn, State of Oregon, rendered in an action to recover the possession of a certain mining claim.

The circuit court dismissed the appeal from the justice court on the grounds of the alleged insufficiency of the undertaking given upon the appeal. The amount of the undertaking was fixed by the justice's court at the sum of $500. It was executed by the appellant and a surety, and was to the effect that the appellant would pay all damages,

costs and disbursements that might be awarded against him on the appeal, and would compensate respondents for the use and profits of the mining claim during the pendency of the appeal, and pay the costs and disbursements of the action. After the transcript of the judgment and proceedings of the circuit court were filed in the supreme court, the respondent's counsel filed a motion in that court to dismiss the appeal from the circuit court, upon the grounds, as stated in the motion, that the pretended undertaking upon the appeal limited the liability of the appellant and his surety to the sum of $500 for the damages. costs and disbursements of his appeal, and has not given any undertaking therefor as required by law. The certificate of the clerk of Linn county to the transcript shows that the appellant filed his undertaking, with surety, whose name is given, on the twenty-sixth day of March, 1889, and that said undertaking was given by the appellant for a stay of proceedings and appeal only. There is a paper also with the transcript purporting to be a copy of an undertaking on appeal to the supreme court. It is to the effect that the circuit court had fixed the amount of the undertaking at $750, and that therefore the appellant and surety undertook in that sum to compensate respondents for the use and profits of the mining claim during the pendency of the appeal, and for costs and disbursements of the action; that he would not commit waste, etc., and if the judgment were affirmed he would pay the value of the use of the mining claim until the delivery of the possession thereof; and they undertook, in the further sum of $500, that the appellant would pay all damages, costs and disbursements which might be awarded against him on the appeal.

The motion and appeal were heard together.

*J. K. Weatherford* and *C. E. Wolverton,* for Appellant.

*W. R. Bilyeu* and *Tilmon Ford,* for Respondents.

THAYER, C. J.—The undertaking on appeal to the cir-
cuit court from the justice's court was executed in accord-
ance with section 2182, chapter 13, Code, which provides
that an undertaking for stay of proceedings in such a case
must be in such an amount as may be deemed sufficient to
compensate the plaintiff for the use or profits of the claim
during the pendency of the appeal, and for costs and dis-
bursements of the action; and, we think, was sufficient not
only as a stay, but for the purposes of an appeal   A
further clause in the undertaking that the appellant would
pay all costs and disbursements that might be awarded
against him on the appeal would not have augmented the
obligation it already imposed.   The amount of the under-
taking, as determined by the justice, must be deemed suffi-
cient to cover the costs and disbursements of the action,
as well as to compensate the plaintiff for the use or profits
of the claim during the pendency of the appeal, which
would necessarily include   all costs and disbursements
that might be awarded against the appellant on the appeal."
The law does not require a vain thing.   Counsel for respond-
ents contend, however, that the terms "costs and disburse-
ments of the action," as used in said § 2182 of the Code, only
include the costs and disbursements of the trial in the jus-
tice's court.   If the legislature had so intended it would have
said that, or have used language which would have conveyed
that meaning, but when it requires, as a condition of an ap-
peal to another court where the action will be tried anew, that
the appellant give an undertaking for costs and disburse-
ments of the action, it must certainly mean the costs and
disbursements which will accrue in the trial of the action,
as well as those which have already accrued.

An appeal and new trial in such case is only a continu-
ance of the trial of the same action.   Besides, the motion
to dismiss the appeal did not specify the grounds for its
dismissal with such certainty as would justify the court in
entertaining it.   Where counsel attempt to take advantage
of a mere technicality they should be held to the observ-
ance of technical rules.   In a motion of that character

counsel are required to specify definitely and with certainty the point of irregularity complained of. The motion filed to dismiss the appeal to this court must be denied. The ground upon which the motion is founded is altogether too critical. If the paper which has come here with the transcript is a copy of the undertaking to which the objection is made, there are no reasonable grounds upon which to found it. The undertaking is ample to cover any costs, disbursements and damages which will be incurred on the appeal, if the $500 mentioned therein is regarded as a limitation of the amount of the liability of the surety. The costs and disbursements in this court should not at the utmost amount to $100, and the other sum of $750 was intended to include the damages. But what is there before this court to show that the supposed copy of undertaking, which seems to have gotten into the transcript and been brought here, is a copy of the undertaking given upon the appeal, and to which the clerk refers in his certificate to the transcript. It is in no manner authenticated, and it being here with the transcript is no evidence that it is genuine. The undertaking is no part of the transcript, although the clerk, in certifying to the transcript regarding the filing of the undertaking, etc., as required by subdivision 1 of § 541 of the Code, might have certified a copy of the undertaking itself, as many of the clerks of circuit courts are in the habit of doing, and it would have been considered a compliance with his duty in that respect; but instead of adopting that course he chose to follow the directions of the Code, and the respondent's counsel having failed to produce evidence as to the kind of undertaking which was filed, the court is left entirely ignorant upon the subject so far as judicial knowledge is concerned. The objection to the undertaking, as presented to this court, is too indefinite and uncertain to be considered.

The judgment appealed from will therefore be reversed and the case remanded to the circuit court, with directions to try the issues between the parties as found by the pleadings therein.