G. B. BROWN ET AL. V. S. P. GOODYEAR.

[FILED APRIL 29, 1890.]

1. **Summons:** DEFECTIVE SERVICE: OBJECTIONS TOO GENERAL. A defendant who appears in a case to object to the jurisdiction of the court over him by reason of defective service of summons must point out specifically the defects complained of, and an

objection "that no certified copy of the summons therein has been served on the defendant as required by law" is too general to be available. (*Freeman v. Burks*, 16 Neb., 328).

2. **Technical Error:** PARTY ALLEGING, MUST BE FREE FROM. A party who alleges error by reason of a technical defect in the proceedings must himself be free from a like fault when he invokes the action of the court to correct the error.

ERROR to the district court for Holt county.    Tried below before NORRIS, J.

*H. M. Uttley,* for plaintiffs in error, cited: *Brondberg v. Babbott,* 14 Neb., 517; *Freeman v. Burks,* 16 Id., 328; *Cleghorn v. Waterman,* Id., 226.

*G. M. Cleveland, contra,* cited: *Newlove v. Woodward,* 9 Neb., 502; *Crowell v. Galloway,* 3 Id., 220; *Dunn v. Haines,* 17 Id., 563.

MAXWELL, J.

In July, 1888, the plaintiffs brought an action against the defendant in the county court of Holt county, and a summons was duly issued in said cause.   On the return day thereof the defendant appeared and filed a motion as follows: "Comes now the defendant and moves the court to quash the writ in the above case for the reason that no certified copy of the summons therein has been served on the defendant as by law required."   This motion was supported by the following affidavit; "S. P. Goodyear, of lawful age, being first duly sworn, deposes and says that he is the defendant in the above entitled action; that the copy of summons hereto attached is the only paper of any kind that has been served upon him in the above entitled action; and further affiant saith not."   No copy of the summons is attached to the affidavit, nor have we any means of knowing the form of the copy served on the defendant.

The county court seems to have held that the defendant

had made a general appearance and that therefore defects in the service were waived. Judgment was thereupon rendered in favor of the plaintiffs. The case was taken on error to the district court, where the judgment was reversed and the action dismissed, and this is the error complained of. It will be observed that the defendant's objection is "that no certified copy of the summons therein has been served on the defendant as required by law." It seems from the affidavit in support of the motion that a copy of a summons was served upon the defendant, but we are left to infer that it was not properly certified. In what respect it failed of proper authentication does not appear. The objection is technical and the party who makes it must himself be free from fault.

In *Freeman v. Burks*, 16 Neb., 328, it was held that a defendant who appears specially in a case for the purpose of objecting to the jurisdiction of the court over his person must specifically point out the defect which it is claimed prevents the court from acquiring jurisdiction. This rule is just and we adhere to it. Where general objections are not sufficient the party should state in his motion in what respect the copy is defective so that the court may see that it is material. So far as appears no copy of the summons was before the county court, none certainly was before the district court, and hence is not preserved in the record. It was impossible for the district court, therefore, to pass upon a copy of a summons not before it. The motion was too general in its form to justify the court in setting aside the summons, and there was not sufficient before the district court to justify its action in the premises.

The judgment of the district court is reversed and that of the county court reinstated and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

THE other judges concur.