time of filing the proofs of loss, and the court held that by its conduct it was estopped from so doing. No new consideration is required to support the waiver, and it may be established by proof of acts or conduct, even after forfeiture, recognizing the continued validity of the policy, and indicating an intention to waive such condition. Prentice v. Insurance Co., 77 N. Y. 483; Goodwin v. Insurance Co., 73 N. Y. 480; Titus v. Insurance Co., 81 N. Y. 410; Brink v. Insurance Co., supra; Weed v. Insurance Co., 133 N. Y. 394, 31 N. E. 231. While a waiver of a condition of forfeiture need not be based upon a technical estoppel, yet, in the absence of an express waiver, some of the elements of an estoppel must exist,—the insured must have been misled by some action of the company, which caused the omission to comply with the condition, or it must have done something, after knowledge of a breach of the condition, which could only be done by virtue of the policy. Armstrong v. Insurance Co., 130 N. Y. 560, 29 N. E. 991; Ronald v. Association, 132 N. Y. 378, 30 N. E. 739. Forfeitures plainly incurred, and not waived, must be enforced by the courts. Quinlan v. Insurance Co., 133 N. Y. 356, 31 N. E. 31. In the present case, waiver is not alleged; nor is it claimed that the defendant, by any act of its officers or agents, dispensed with the proofs, or with due and timely service thereof, or that it put its refusal to pay on any specific ground which recognized the continued validity of the policy. Mere silence at a time when it was not required to speak is not a waiver, nor evidence from which waiver may be inferred, (Armstrong v. Insurance Co., supra;) so that the mere retention of proofs served after the time limited for their service is not performance of the condition precedent. No one would seriously contend that the indorser of a promissory note would be held to have waived timely service of notice of protest by the mere fact of retaining a notice served eighteen days after the time legally appointed for such service. Some affirmative act or expression recognizing continuing liability would be necessary. Silence would not be sufficient. And yet there is no substantial difference between the case put and the one at bar. The demurrer to the complaint must therefore be sustained, unless (1) within ten days the plaintiff amends his complaint by striking out the special allegation of service of the proofs on March 14, 1891, leaving the cause of action rest on the general allegation of performance; or (2) by omitting allegations of performance, and alleging waiver of performance, or excuse for nonperformance, (Oakley v. Morton, 11 N. Y. 25; Garvey v. Fowler, 4 Sandf. 665; Hosley v. Black, 28 N. Y. 438; Baldwin v. Munn, 2 Wend. 399; Crandall v. Clark, 7 Barb. 169; Baxter v. Insurance Co., 44 Hun, at page 185;) or (3) by amending in such manner or form as he may be advised to bring the case within the authorities applicable to the facts, that the allegata and probata may agree, (Riggs v. Chapin, [City Ct. N. Y.] 7 N. Y. Supp. 765;) the amendment to be made on payment of $20 costs, (the trial fee of an issue of law,) and without prejudice to the proceedings already had.

---

(6 Misc. Rep. 249.)

### WARNER v. WARNER et al.

(Supreme Court, Special Term, Monroe County. December, 1893.)

ABATEMENT—ANOTHER ACTION PENDING.

Pendency of an action for partition, in which summons has not been served on one of defendants therein, is not a ground for the abatement of a subsequent action for the same cause, brought by such defendant in the first action against the other parties.

Action by George Warner against Arsino B. Warner and others for partition. Defendant Arsino B. Warner alone appears and answers, pleading in abatement that another action is pending between the parties for the same cause. Judgment for plaintiff.

T. D. Wilkin, for plaintiff.
Arthur E. Sutherland, for defendant.

RUMSEY, J.    This action was begun on the 3d day of July, 1893, by the service of summons, and the usual other proceedings by which an action of this nature is commenced.    Its object was for the partition of certain property situated in the county of Monroe.    No other defendant except Arsino B. Warner appears; and he answers, admitting all the facts alleged in the complaint, and setting up as a defense only that another action is pending for the same cause between the same parties.    The single question presented is whether that defense can stand upon the facts.

The undisputed facts are that on the 31st day of March, 1893, Arsino B. Warner caused to be filed in the clerk's office of Monroe county, summons, complaint, and notice of the pendency of action for the partition of the same property which is sought to be partitioned in this suit.    The parties to that action are the same as in this action, except that the plaintiff in that action is Arsino B. Warner, and George Warner is a defendant.    On the day on which the notice of pendency was filed, summons was served upon one of the defendants, and shortly thereafter summons was served upon other defendants.    George Warner was not served, nor did he know that any defendant had been served with summons, but he did know that complaint and notice of pendency was filed.    On the 3d day of July, 1893, that being the condition of Arsino Warner's action, George Warner caused this action to be begun, and summons to be served upon the proper parties.    Thereupon, and after summons in George Warner's action had been served upon him, Arsino Warner completed the service of the summons in his action by serving those defendants whom he had not served before, including George Warner; and then he answers, setting up the defense that another action is pending for the same cause between the same parties.    There is no doubt that, if his action was pending at the time when this action was begun, it is a complete answer to the plaintiff's suit.    The only question presented, then, is whether, as against George Warner, Arsino B. Warner's action had been begun on the 3d day of July, when summons in this action was served upon Arsino Warner.

In ordinary cases, it is a proposition not to be disputed, that under the Code the mere issuing of summons is not the commencement of an action, for ordinary purposes.    Kerr v. Mount, 28 N. Y. 659. It is quite true that for certain purposes the court is deemed to have acquired jurisdiction by the granting of a provisional remedy.    Code Civil Proc. § 416.    But that jurisdiction is conditional, and it is liable to be lost unless it is followed by the actual service of a summons.    The section of the Code above cited provides expressly that a civil action is commenced by the service of a summons.    It necessarily follows, from that, that unless the summons has been served the action is not commenced, as to any given defendant, and so the courts have held.    Haynes v. Onderdonk, 5 Thomp. & C. 176; Boylston v. Wheeler, Id. 179.    Indeed, although it was provided in the Code of Procedure (section 139) that the courts should be deemed to have acquired jurisdiction "from the time of the service of the summons in a civil action, or the allowance of a provisional remedy," still it was then held that the action was commenced for the pur-

v.27 N.Y.S.no.2—11

pose of acquiring jurisdiction over the defendant only by the service of summons, and that until summons was served the court had no jurisdiction to enter judgment against a defendant, although a provisional remedy had been allowed against him. Ex parte Griswold, 13 Barb. 412. So, under the Code of Procedure, for several years, there was no provision as to when the notice of pendency should become operative, and it had been held that it only became operative, as to any defendant, after the service of summons upon him. In applying that rule, it was held that after the filing of lis pendens and complaint, but before service of summons upon him, a person named as defendant in a foreclosure action, having deeded away his interest by recorded deed, and being afterwards served with summons, his grantees were not bound, because the court had not acquired jurisdiction over him for any purpose until the service of summons upon him. Trust Co. v. Dickson, 9 Abb. Pr. 61. The rule was laid down by Judge Ingraham, in that case, that, until summons was served upon each defendant, jurisdiction, as to him, was not acquired. Certainly, an action cannot be commenced, as to any man, until such jurisdiction has been acquired that, without doing anything more, a judgment can be entered against him, either personally, or such a judgment as would bind his interest in the property which is the subject of the action. So long as neither of these things can be accomplished, the party cannot be said to be in court, and the action has not been commenced against him. It is claimed in this case that the action was begun in such a way as to give the court jurisdiction by the filing of the notice of pendency of action and the complaint and service of summons upon one of the defendants. That is undoubtedly true as to all those persons who were served with summons, but until summons was served upon George Warner the court, certainly, had no jurisdiction over him. There was nothing to prevent the plaintiff in that action from procuring an amendment of the summons and the other proceedings, and striking out his name as a party, if he had seen fit to do so; and if judgment happened to be entered without any further proceedings in the matter, while it would have been good as against every party served, it would have had no effect upon George Warner's interests. As to him, certainly, until summons was served upon him, the action was a complete nullity. It was so held in the case of Haynes v. Onderdonk, 5 Thomp. & C. 176. In that case the court held that the filing of a copy of the summons and complaint, with a notice of pendency of action, was not a commencement of the suit, for any other purpose than that of affording constructive notice to subsequent purchasers from the defendants.

For the purpose of preventing the running of the statute of limitations, the Code provides that the delivery of the summons to the sheriff, with the intention that it shall be actually served, is equivalent to the commencement of the action. Code Civil Proc. § 399. But it is to be noticed that such delivery is not called a commencement of the action, but it is called, in that section of the Code, "an attempt to commence an action," and that section is to be limited to the statute of limitations, and not to be further extended. Trust

Co. v. Dickson, 9 Abb. Pr. 61, 64. No way is provided in the Code by which any person can be brought into court in any action until summons has been served upon him, either personally or by some mode of substituted service. Nothing of this kind was ever attempted to be done by Arsino Warner, as far as George was concerned. As to him, the action simply stood, and he was in the situation of having his right to transfer his property tied up for 60 days from the 31st of March, by the filing of the notice of pendency, without being able, in any way, to have any steps taken to prevent it. No action can be said to be pending against a man, when he has not been served with process, or in any way brought into the case, or put in such a situation that he can take any action to defend his rights therein. While he knew that the notice of pendency and complaint was filed, he did not know that any defendant had been served with summons; and he had no reason to suppose, after the 60 days had expired, that any step was taken by Arsino Warner to continue the action which he had sought to begin. I do not regard this as very material to the decision of this case; because the knowledge of George Warner is not important, in my judgment, in deciding this question. But whether it be important or not, if it should be held that the mere filing of the complaint and lis pendens, with the service upon one defendant, was sufficient to give the court jurisdiction as to every other defendant, and to make the action pending as to him, whether he were served or not, it would not be difficult for any party who desired to prevent the partition of lands to postpone it indefinitely. The intent of the law, clearly, is that, when one has commenced an action for partition of real property, he shall complete his service with all possible speed. He is permitted 60 days within which to do it, during which the lien acquired by the filing of his notice is kept effective by the law. The purpose of that, as is apparent, is to enable him to make the necessary inquiries as to the residence of the defendants, and to complete service by publication in such cases as it shall be necessary; and the keeping good of the lien during that time implies the intent on the part of the lawmakers that the service should be completed by the time it expires. Various inconveniences are suggested by the counsel for the defendant as likely to arise, if it were held that the action was not made pending by the filing of the notice of pendency. All these are more specious than real. If each tenant in common should commence an action, the court would have no difficulty, upon motion, in consolidating the actions, or in making such direction as would assure an orderly procedure in them. But the argument ab inconvenienti is not of very much force in these cases. The question must always turn upon the construction of the statute, and in this case I think it is a necessary construction of section 416 of the Code of Civil Procedure that the action was not commenced, as to any defendant, until service of summons had been made upon him. The result is that, so far as George Warner was concerned, there was no action pending at the time the summons was served upon him in this case. The remedy of Arsino Warner was, I think, either to appear in this action, and seek to enforce his rights here, or to move

that the two actions might be consolidated, which I have no doubt the court would have the power to do, in such a case as this.

Upon the question raised here, the judgment of the court must be for the plaintiff; but as, outside the issue of another action pending, there has practically been a default on the part of Arsino Warner, as well as the other defendants, the usual order of reference should be made, that the court, upon the coming in of the report of the referee, may order such a judgment as is proper. Judgment accordingly.