Argued 19 April; decided 20 June, 1898.

## HERMANN v. HUTCHESON.

[ 52 Pac. 489 ]

| 33 | 239 |
|---|---|
| †34 | 208 |
| 33 | 239 |
| 39 | 71 |

1. SUFFICIENCY OF MOTION TO DISMISS APPEAL.—A party asking the dismissal of an appeal by reason of a technical defect in the proof of service of the notice must specify definitely and with certainty the point of the irregularity complained of: *Bilyeu* v. *Smith*, 18 Or. 335, applied.

2. CERTIFICATE OF SERVICE OF MOTION.—A constable's return of the service of a notice of appeal is insufficient where it specifies that the service was made within a certain county and state, but fails to show that it was made within the constable's own precinct: *Sloper* v. *Carey*, 9 Or. 511, approved.

From Coos :  J. C. FULLERTON, Judge.

Action by Hermann & Brown against D. J. Hutcheson. From a judgment for plaintiffs, defendant attempted to appeal to the circuit court ;  but his appeal was dismissed, and he appeals from the judgment of dismissal.

REVERSED.

For appellant there was a brief over the name of *T. S. Minot*, with an oral argument by *Mr. D. L. Watson, Jr.*

For respondents there was a brief over the name of *L. L. Burtenshaw*, with an oral argument by *Messrs. S. H. Hazard* and *John Bayne*.

MR. JUSTICE WOLVERTON delivered the opinion.

This action was commenced in the justice's court for district No. 5, in Coos County, and judgment having been entered for plaintiffs, the defendant attempted to appeal to the circuit court. The notice of appeal was served by M. R. Lee, constable of such precinct, who certified that he served the same '' within the County of Coos and State of Oregon.'' The plaintiffs moved in the circuit court to dismiss the appeal for want of proof of service of notice thereof. The motion was allowed, and

a judgment of dismissal entered, from which the defendant appeals to this court.

1. The defendant insists that the judgment of the circuit court should be reversed, because the motion to dismiss the appeal from the justice's court does not point out or specify with sufficient definiteness the defect of service of proof thereof upon which the plaintiffs relied for the dismissal, and for that reason it should have been disregarded. He also contends that the proof of service is itself quite sufficient. It must be conceded that the objection to the constable's return is technical in its nature ; and this, under the law applicable to such cases, subjects the party who would turn it to his advantage to the observance of technical rules. In passing upon a motion of like character, Mr. Chief Justice THAYER says : " Counsel are required to specify definitely and with certainty the point of irregularity complained of." *Bilyeu* v. *Smith*, 18 Or. 335, ( 22 Pac. 1073 ).

2. To constitute a good service of a notice of this kind, the officer making it is bound to the observance of several conditions the due performance of all of which he is required to signify by his return. Now, if he has omitted any one of these, it would constitute an irregularity in the service, to say the least, and would possibly render it void *in toto*. The rule alluded to requires that the party objecting to the service or return shall put his finger upon the condition the nonobservance of which he relies upon to show the service insufficient or nugatory. The objection in the case at bar " that there is no proof of service, * * * as required by law," was as general as it well could be. Such a motion gives no definite notice to the opposing party of the specific defect relied upon, and no opportunity to meet the objection until the

fault is pointed out at the argument.   It often happens that the defect may be cured by amendment, which the courts are always liberal in allowing in furtherance of justice ; and it needs but a suggestion at the proper time, and the objection would be speedily obviated.  This court being powerless to permit such amendment, the necessity for calling attention opportunely to the specific defect by the motion to dismiss is quite apparent.   The specific objection to the present return, when disclosed, was found to be that it did not show that service was made in the constable's own precinct ; but the motion having failed to suggest it necessitated a technical inspection of the whole return for the discovery of the alleged defect.   It was but a small matter, and the plaintiffs should have pointed it out if it was their purpose to avail themselves of the objection.   *Brown* v. *Goodyear*, 29 Neb. 376 ( 45 N. W. 618); *Freeman* v. *Burks*, 16 Neb. 328 ( 20 N. W. 207). The return as it stands is insufficient, under *Sloper* v. *Carey*, 9 Or. 511.   But, the motion to dismiss the appeal from the justice's court being also insufficient, the judgment of the court below will be reversed, and the cause remanded for such further proceedings as may seem proper.

REVERSED.

Decided at PENDLETON, 13 August, 1898.