THE EMPIRE CITY LUMBER COMPANY, Plaintiff, *v.* THE
AGRESS CONSTRUCTION COMPANY, of Brooklyn, a Domestic
Corporation, and JOSEPH AGRESS, Defendants.

(County Court, Kings County, February, 1912.)

Mechanics' liens — Foreclosure — Extent and nature of right in general — Costs — Deposit of sum in court.

> Where, before the service of the summons in an action to foreclose a mechanic's lien, the defendants paid to the county clerk the amount of the lien with interest to the date of deposit, the lien is discharged.
>
> A motion that defendants pay into court a further sum to secure the costs and disbursements of the action and to change the entry on the mechanic's lien docket in the county clerk's office will be denied.

MOTION in an action to foreclose a mechanic's lien.

Abraham Rockmore, for plaintiff.

Isidore Solomon, for defendants.

SWEETLAND, J., acting for Kings county.    This is a
motion made by the plaintiff in an action to foreclose a
mechanic's lien for an order requiring the defendants to pay
into court the further sum of $300 to secure the costs and
disbursements of the action, and to change the entry on
the mechanic's lien docket in the county clerk's office.

The plaintiff, on the 26th day of January, 1912, filed a
mechanic's lien against the real property of the defendants
in the Kings county clerk's office.    On the 31st day of January, 1912, the plaintiff filed in the said clerk's office a summons, complaint and notice of pendency in an action to
foreclose said mechanic's lien.    The defendants, on the same
day, pursuant to the provisions of section 20 of the Lien
Law, paid to the county clerk the amount of said lien, with
interest to the date of deposit.    Thereupon, an entry was
made in the lien docket as follows:    "Discharged by payment," etc.    Service of the summons was not made until

after the filing of the summons, complaint and notice of pendency by the plaintiff, and not until after the defendant had deposited the money with the county clerk.

The plaintiff insists that filing the papers in the county clerk's office amounts to the commencement of an action. This position is controverted by the defendants, and is the question to be determined on this motion.

Section 20 of the Lien Law provides that a lien may be discharged " at any time before an action is commenced to foreclose such lien, by depositing with the county clerk, in whose office the notice of lien is filed, a sum of money equal to the amount claimed in such notice, with interest to the time of such deposit. · After such action is commenced the lien may be discharged by a payment into court of such sum of money, as, in the judgment of the court or a judge or justice thereof, after at least five days'· notice to all parties to the action, will be sufficient to pay any judgment which may be recovered in such action. Upon any such payment, the county clerk shall forthwith enter upon the lien docket and against the lien for the discharge of which such moneys were paid, the words, ' discharged by payment.' "

An action is commenced by the service of the summons. Code Civ. Pro., § 416; Foxell v. Fletcher, 87 N. Y. 480; Warner v. Warner, 6 Misc. Rep. 249. The exception in the case of delivery to the process server does not apply, in this case, because the Statute of Limitations does not enter into the consideration of the question here involved.

The payment of the money to the county clerk was made by the defendants before service of the summons, consequently it was made before the commencement of the action, and such payment discharged the lien. The county clerk properly made the entry on the docket, the lien was discharged and the money so paid substituted for the property lien.

The plaintiff's motion is, therefore, denied.

Motion denied.