GALLAGER v. GALLAGER et al.

(Supreme Court, Special Term, Onondaga County.   February 21, 1914.)

1. PARTITION (§ 27*)—GROUNDS OF ABATEMENT—ANOTHER ACTION PENDING.

An action for partition, the summons and complaint in which were served on December 31st, had priority over another action involving the same parties and subject-matter, the summons and complaint in which were served on January 9th, so that the latter action will be stayed until hearing and judgment in the first action.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 27.*]

2. PARTITION (§ 27*)—PENDING ACTION—STAY.

Where two actions for partition were between the same persons except that the plaintiff in one was a defendant in the other action, the actions will not be consolidated, but the action brought last will be stayed until the hearing of application for final judgment in the first action, when the adjustment of costs and allowances may be made and an order of discontinuance and canceling the notice of pendency may be granted.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 27.*]

Action for partition by J. Edward Gallager against James A. Gallager and others.   On motion for the appointment of a referee.   Order of reference made, and another action between the same parties stayed until final judgment herein.

George E. Mull, of Syracuse (E. W. Cregg, of Syracuse, of counsel), for plaintiff.

Costello, Burden, Cooney & Walters, of Syracuse, for defendant James A. Gallager.

DE ANGELIS, J.   This is a motion made by plaintiff in an action for partition pursuant to section 1545 of the Code of Civil Procedure and General Rule 66, to ascertain the rights, shares, and interests of the several parties in the property sought to be partitioned, etc.

There are several appearances in the action and two alleged answers, one by the defendant James A. Gallager, admitting all the allegations of the complaint, but alleging the pendency of a former action between the same parties for the same purpose, and one by the defendant Bridget Gallager, not denying any material allegations of the complaint or setting forth any new matter of defense.

It is not denied that there are two actions pending for the partition of the same property which have as parties precisely the same persons; but in this action at bar J. Edward Gallager is plaintiff and James A. Gallager is one of the defendants, while in the other action the same James A. Gallager is plaintiff and the same J. Edward Gallager is defendant.

It is undisputed that in the other action the complaint and notice of pendency were duly filed December 29, 1913, while in this action the complaint and notice of pendency were filed December 31, 1913.

It is also conceded that in the other action the summons and complaint were served upon the following named defendants on the following named dates:   Bridget Gallager, December 30, 1913; Catherine Vickers, December 30, 1913;   Rose Richardson, December 30,

1913; Anna Thomson, December 30, 1913; Onondaga County Savings Bank, December 30, 1913; Catherine Gallager, January 8, 1914; Laura M. R. Wood, January 8, 1914; Mary Donovan, January 8, 1914; Mary Doyle, January 8, 1914; Almeda Rodgers, January 8, 1914; J. Edward Gallager, January 9, 1914; Grace Dewey, January 9, 1914.

In this action it is conceded that the summons and complaint were served upon the following named defendants on the following named dates: James A. Gallager, December 31, 1913; James A. Gallager, as Ex'r, etc., December 31, 1913; Catherine Vickers, December 31, 1913; Laura M. R. Wood, December 31, 1913; Laura M. R. Wood, as Ex'r, etc., December 31, 1913; Anna Thomson, December 31, 1913; Anna Thomson, as Ex'r, etc., December 31, 1913; Mary Donovan, December 31, 1913; Catherine Gallager, January 5, 1914; Rose Richardson, January 5, 1914; Onondaga County Savings Bank, January 5, 1914; Almeda Rodgers, January 5, 1914; Mary Doyle, January 6, 1914; Grace Dewey, January 6, 1914; Bridget Gallager, January 6, 1914.

The real controversy as to priority in the commencement of the action lies between J. Edward Gallager, the plaintiff in this action, and James A. Gallager, the plaintiff in the other action. In this action, as it already appears without contradiction, James A. Gallager was served December 31, 1913, and in the other action J. Edward Gallager was served January 9, 1914. It also appears without contradiction that as the summons, complaint, and notice of pendency in the other action were filed December 29, 1913, and five defendants served with the summons and complaint December 30, 1913, and as the complaint and notice of pendency were not filed and no one of the defendants was served with the summons and complaint in this action until December 31, 1913, the other action as to those defendants served December 30, 1913, was begun before this action.

The claim is made by the defendant in this action, James A. Gallager, who is the plaintiff in the other action, that the attorney for the plaintiff in this action simply copied the papers in the other action transferring only the plaintiff in that action as a defendant in this action, and the defendant J. Edward Gallager in that action as the plaintiff in this action, and took advantage of the failure to get service on J. Edward Gallager in the other action to institute this action. Whatever there may be about this race, either to get control of the action which to some extent lies ordinarily with the plaintiff in an action of this kind, or to get a larger allowance for costs, it is not now necessary to consider. That aspect of the case may have some influence upon the court when the question of allowances arises.

[1] I think it is clear that as between J. Edward Gallager and James A. Gallager this action was begun first and has priority. Warner v. Warner, 6 Misc. Rep. 249, 27 N. Y. Supp. 160; Fiero's Special Actions, vol. 2, p. 1592.

[2] It will be observed that suggestion is made in the Warner Case that the two actions might be consolidated. I see no advantage to be gained by the consolidation of the actions, and it seems to me that the proper disposition of this feature of the case is to stay the other action

until the hearing of the application for final judgment in this action, leaving the adjustment of the question of costs and allowances then to be determined. At that time also an order of discontinuance and to cancel the notice of pendency in that action may be granted upon such terms as are proper. In that connection the innocent parties, those who might in a sense be the victims of improper expenses in the disposition of property in which they have an interest, can be protected.

It follows from the foregoing that an order of reference may be made to Edmund H. Lewis, Esq., of Syracuse, N. Y., pursuant to the law in such cases made and provided, and that the action in which James A. Gallager is the plaintiff be stayed until the hearing upon the application for final judgment herein. No costs of motion.

Ordered accordingly.