Anna Meek, Appellee, v. Electrical Engineering Equipment Company, Appellant.

Gen. No. 38,367.

Opinion filed December 16, 1935.

ROYAL J. SCHMIDT, of Chicago, for appellant.

JOHN A. RICKER, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, the owner of a $500 bond, being one of an issue aggregating $350,000, payment of which was secured by a trust deed on certain property, brought an action against defendant (the maker of the bonds) to recover their face value with interest in default from

February 1, 1933; the bond was dated February 1, 1926, and was due by its terms February 1, 1938. Plaintiff alleged in her complaint that by reason of defendant's default in the payment of interest falling due February 1, 1933, she elected to declare the principal sum immediately due and payable. Defendant in its answer denied that plaintiff had the right to accelerate the time of payment of the bond and set up certain provisions of the bond and the trust deed. Counsel for both parties in their briefs say that the court struck the answer and entered judgment in plaintiff's favor for $584.65, being the amount of her claim; defendant appeals.

For the purpose of this decision we shall assume that the defendant's answer was stricken and judgment entered, as counsel for both sides contend, although the record does not show the answer was stricken, but that on the contrary the court heard the case without a jury, found in favor of plaintiff for the amount of her claim, and entered judgment accordingly.

Defendant admits plaintiff had the right to sue for the interest due on the bond. The sole question for decision is, Had plaintiff the right to accelerate the time of payment of the principal of the bond? The answer to this question depends upon the provisions of the bond and trust deed.

The material paragraph of the bond is as follows: "On default in payment of the interest on or principal of any of the bonds secured by the mortgage, or in the performance of any of the covenants of the Company [mortgagor] contained in the mortgage, the principal of this bond may, before the date of the maturity hereof herein specified, become due and payable, together with the accrued interest hereon, in accordance with the provisions of said mortgage."

One of the defaults mentioned in the mortgage was default in the payment of any instalment of interest continuing for a period of 30 days. Section 2 of

the mortgage provides: "If any one or more of the events of default shall occur and shall be continuing, then and in every such case the Trustee may, and upon written request of the holders of not less than one-fourth in amount of all said bonds then outstanding the Trustee shall, by notice in writing delivered to the Company, declare the principal of all of said bonds then outstanding to be immediately due and payable, and upon such declaration the said bonds and interest shall, subject to the further provisions of this Article, immediately become and be due and payable, anything herein or in said bonds to the contrary notwithstanding."

In *Foxell v. Fletcher,* 87 N. Y. 476, suit was brought to recover the whole sum due because of default in the payment of monthly instalments. The court there said (p. 480): "in the absence of a stipulation, that, on default in the payment of any of these [installments] the whole should become due, the plaintiffs were entitled only to recover the installments due at the time of the commencement of the action." To the same effect is *Llewellyn Iron Works v. Littlefield,* 74 Wash. 86 (90): "There is no clause in the note providing that, in the event the payments are not made at the time specified, the whole sum shall, or may at the election of the creditor, become due and payable, in the absence of which, delinquency as to certain payments does not mature the entire debt."

But plaintiff contends that the "language of the bond is ambiguous, in that it clearly provides for acceleration of the time of payment of the principal sum upon default in payment of interest due, and in the same paragraph attempts to nullify or limit this provision for acceleration by reference to restrictive provisions in the mortgage"; and that plaintiff, the holder of the bond, "may ignore the provisions of the mortgage and rely on the clear and concise language of the bond." We think this contention cannot be sustained because

we are of opinion that the language of the bond is not ambiguous. It provides that in case of default in the payment of interest, "the principal of this bond may, before the date of the maturity hereon . . . become and be due and payable, together with the accrued interest hereon, in accordance with the provisions of said mortgage." And the mortgage provides that in case of such a default, "the Trustee may, and upon written request of the holders of not less than one-fourth in amount of all said bonds then outstanding the Trustee shall, by notice in writing delivered to the Company, declare the principal of all of said bonds then outstanding to be immediately due and payable." The bond does not provide that in case of default in payment of interest the owner of such bond may declare the principal of the bond due and payable. It clearly says that in case of such default, the principal of the bond may become due and payable in accordance with the provisions of the mortgage; and the mortgage provides that in case of such default the trustee *may* declare all of the principal of the bonds outstanding immediately due and payable and upon written request of the holders of not less than one-fourth in amount of the bonds outstanding *shall* declare all the bonds immediately due and payable by giving notice in writing to the mortgagor that he has made such a declaration. There is no provision that a bondholder can declare the principal of the bond immediately due upon default in payment of the interest.

Since plaintiff did not have the right to accelerate the time of payment of the principal of the bond, her suit was prematurely brought except as to the interest due on the bond.

The judgment of the superior court of Cook county is reversed and the cause remanded.

*Judgment reversed and cause remanded.*

McSurely, P. J., and Matchett, J., concur.