## DEAN v. MASSEY.

1. An attachment sued out, and levied, returnable into the Circuit Court, is the commencement of a suit, and may be pleaded in abatement, to another suit, upon the same debt, though after the levy the papers are destroyed by the directions of the plaintiff, upon the supposition, that it was informally, or irregularly sued out.

Writ of error to the Circuit Court of Benton County.

DEBT on a sealed note, commenced by attachment, by the plaintiff against the defendant in error: The defendant pleaded in abatement, the pendency of a former suit, commenced also by attachment, against him by the plaintiff for the same cause of action.

The plaintiff replied, *nul tiel record.*

The defendant rejoined, that after the commencement of this suit, the writ of attachment, and proceeding mentioned in his plea, were destroyed by authority of the plaintiff.

The plaintiff surrejoined, admitting that the writ of attachment, and the proceedings were destroyed, after the commencement of this suit, but denied that it was by his authority; and again denied, that there was at the time of the filing of the plea, and of the issuance of the attachment, any such former suit, for and in respect of the debt here sued for, &c.

Upon this surrejoinder, the defendant took issue.

Upon the trial, the defendant proved, as appears by a bill of exceptions taken at the trial, by the justice of the peace, who issued the attachment in the cause, that a few days before it was issued, he had, at the instance of the plaintiff, issued an attachment in his favor, which, to the best of his recollection, was for the same cause of action. That the first writ, was given to the plaintiff—that a few days after it was returned by the plaintiff, who said, he was advised by counsel, that it was defective, and should be destroyed; before the second was issued, witness burned the first attachment, affidavit, &c.

The plaintiff's counsel objected to the witness stating, that to the best of his recollection, the two attachments were for the same cause of action. The Court overruled the objection. The defendant introduced evidence, tending to prove, the levy of the first attachment by the sheriff, and that it was returned to the justice.

The Court instructed the jury, that if they believed, from the testimony, the plaintiff had, before the writ of attachment in this case was sued out, sued out a previous attachment for the same cause of action against the defendant, and that the same had been levied by the sheriff, on the defendant's property, and that the same had been destroyed by his directions, they must find for the defendant. To which the plaintiff excepted, and moved the Court to charge, that if the first was

Dean v. Massey.

not returned to Court, but was destroyed, before the term of Court to which it was returnable, they must find for the plaintiff, which instruction the Court refused to give, and to which the plaintiff excepted.

In the record is filed another bill of exceptions, styled, "second, and additional bill of exceptions." From which, it appears, that on the trial of the cause, the justice of the peace who issued the attachment, when testifying of his recollection of the identity of the cause of action in this, and the former attachment between the same parties, stated on his cross examination, that there was no declaration or bill of particulars attached to the first attachment papers, and no other written description of the cause of action than such as is set forth in the affidavit, bond, and attachment in this cause; which was all the proof of the written description of the cause of action set forth in the first attachment; whereupon the plaintiff's counsel moved the Court to instruct the jury, that if they believed, from the testimony, that the first attachment papers contained no other cause of action than such as above set forth, they must find the issue for the plaintiff, which the Court refused, and instructed the jury, as set forth in the first bill of exceptions; to all which the plaintiff excepted, and prayed that it be made part of the record, which is done.

[Signed,]       DANIEL COLEMAN, [SEAL.]
26th Nov., 1844.

The cause of action set out in the affidavit, and attachment, is, that the defendant is indebted to the plaintiff in the sum of sixty-five dollars, fifty-seven cents now due.

Judgment being rendered for the defendant the plaintiff prosecutes this writ, and assigns for error the matters of law, arising out of the bill of exceptions.

POPE, for the plaintiff in error.

S. F. RICE, contra, contended, that the only matter in issue before the jury, was, by whose authority the first attachment papers were destroyed—all the other facts were confessed by the pleadings, and this being an immaterial issue, the defendant would have been entitled to a judgment *non obstante*, upon the admission upon the record.

Dean v. Massey.

The suing out of the attachment, and levy, by the sheriff, was the commencement of a suit, which could only be terminated by the judgment of the Court, or by giving six days notice in vacation.   [Clay's Dig. 325, § 73.]

There is no error shown in the bills of exceptions, and it will be seen on examination, that the evidence of the justice of the peace, related to a matter admitted on the pleadings— the identity of the cause of action in both suits.

As to the necessity of indorsing the cause of action, and its effect, he cited 6 Ala. Rep. 348, 373; 1 Id. 433; 4 Id. 57; 5 Id. 182.

He objected to the second bill of exceptions, as a part of the record.   Its date shows that it was taken after the adjournment of Court, without notice to the adverse counsel.

ORMOND, J.—Although the pleadings in this case, were spun out to an unnecessary length, and irrelevant matter was introduced, we think it is in substance, an issue upon the plea, and as no demurrer was interposed, no question arises upon the regularity of the pleadings.

We think it entirely clear, that an attachment sued out, and levied, returnable into the Circuit Court, is the commencement of a suit, and that it is not competent for one of the parties, by the destruction of the papers, to put an end to it.   The papers should have been sent to the Court, to which the writ was returnable, and there disposed of.   Any other course, might, in its consequences, lead to the grossest abuses.

We can see no error, either in the testimony admitted, or in the charge of the Court.   The question to be established, was, whether the two writs of attachment, were sued out on the same cause of action.   The statement of the debt in the affidavit, being the same in both, was *prima facie* evidence that they were sued out on the same demand, unless the contrary was shown; and certainly, there was no impropriety in permitting the justice to swear, to the best of his recollection and belief.

Let the judgment be affirmed.