### REYNOLDS v. McCLURE & WILSON.

1. A plea in abatement of a pending suit, commenced by attachment, is bad, unless it alledges that the attachment was levied.  The allegation that the attachment is still pending, is not sufficient.

Writ of Error to the Circuit Court of Cherokee.

This was an action of debt at the suit of the defendants in error, on a bill single.   The defendant pleaded two several pleas in abatement—1.  That previous to the institution of this action, the plaintiffs caused an attachment to be issued against his estate for the same cause of action, returnable to the county court of Cherokee, which was still pending and undetermined.   2.  The second plea is similar to the first, save only that it alledges the attachment was returnable to the circuit court.   The plaintiffs demurred severally to these pleas, and their demurrer being sustained, the defendant declined to plead further, and judgment was rendered by *nil dicit.*   -

Woodward, for the plaintiff in error.   The pleas not only contain matter of abatement, but were properly pleaded.   1 Bac. Ab. tit. Abate. 28; 7 Ala. Rep. 601; 10 Id. 958; 3 Chit. Plead. 903.

COLLIER, C. J.—There can be no question but the de-

fendant's pleas are unexceptionable in point of form, if they are good in substance—in fact, are framed in accordance with the most approved precedents. The question then is, do they disclose such matter of defence as would authorize the abatement of the plaintiffs' suit. In Dean v. Massey, 7 Ala. Rep. 601, it was held that an attachment sued out, returnable into a court of record having jurisdiction of the case, when levied and returned, is the commencement of a suit, and may be pleaded in abatement to a suit subsequently instituted for the same cause. And in Brown v. Isbell, 11 Ala. Rep. 1019, we said, "an attachment is extraordinary process, and when levied and returned, becomes a suit in court."

In the case at bar, the pleas alledge the suing of the attachment, when, by whom, and to what court returnable, but do not state that it was ever levied or returned, otherwise than it may be inferred from the allegation that it is still *pending.* Great strictness is necessary in pleas in abatement, and even defects in matters of form are available on general demurrer ; they cannot be sustained by inference or intendment, but their allegations must be full, direct and complete.

Where an action is brought in the ordinary mode, by writ requiring personal service on the defendant, if the process is returned " not found," the plaintiff may sue out an *alias* writ in order to bring the defendant in ; but where an original attachment is the leading process in an action, if no levy is made, it becomes *functus officio,* and its vitality is as effectually lost, as if a formal entry of discontinuance were made. It has been said the *lis pendens* in chancery which affects a purchaser with notice, so as to prevent him from acquiring a title to the prejudice of the litigants, begins from the service of the *subpœna* after the bill is filed. 1 Johns. Ch. R. 566 ; 8 Ala. R. 570. Whether the service of the writ in a case at law is necessary to the creation of a pending suit, we will not inquire ; for however this may be, an attachment which is returned, without having been levied, has spent its force, and cannot be made the basis of any farther proceeding. The

pleas then are defective in not alledging the levy and return of the attachment, so as to show the legal *pendency* of the suit, although the term to which it was returnable had passed by before the present action was commenced. Consequently, the demurrers were rightly sustained, and the judgment must be affirmed.