Reade, J.
 

 In the case before us the petitioner came into court and read her petition to the Judge, and he “ ordered that process issue to the defendant.” “The petition was then filed, and a motion made for alimony,” which was allowed. The defendant being present, but not having been served with process, nor yet entering an appearance, was allowed by the court to object to its power to decree alimony at that stage of the proceedings. But his Honor being of opinion that he had the power, allowed alimony, and ordered execution to issue for the same. The defendant prayed for, and obtained an appeal.
 

 The statute, Rev. Code, ch. 39, s. 15-, provides that, in petitions for divorce and alimony, the court may “ at any time pending the suit,” decree reasonable alimony..
 

 The question is : Was the suit
 
 pending ?
 
 If it was, then his Honor had the power to allow alimony. If it was not
 
 pending,
 
 then he had no such power.
 

 “ It b no suit pending till the parties appear, or have been served to appear, but only a piece of parchment thrown into the office, which may be there forever, and never come to a suit.”
 
 Moore
 
 v.
 
 Welsh Copper Co.,
 
 1 Eq. Ca. Ab., 39.
 

 In a plea of “ Former suit pending,” it must be averred “ that there have been proceedings in the-suit,-as appearance, or process requiring a.ppearanoe, -at the least.” 2
 
 *65
 
 Dan. Ch. Pr. 726. Mitford Cb. Pl. 247. In the form given ■of a
 
 “
 
 Plea of a former suit depending,” in Curtis’ Equity Precedents, 164, it is said, ‘^and this defendant appeared, and putin his answer to -the said former hill,” &c. So, there can he neither
 
 retraxit
 
 nor nonsuit, until the return term, when the plaintiff is demandahle ; 'see
 
 Thagin
 
 v.
 
 Mus-grove,
 
 1 Phil. Law, 13, decided-at this term, and the cases there cited.
 

 It seems therefore to he 'settled that a suit is not pending-, until the return term,-or at least until service of process.
 

 In cases of divorce, alimony ought not 'to he allowed until the return term, and alter the service of the process'; for, although the petitioner’s claim to alimony is to be determined by the Judge from the allegations of the petition only, yet, it is settled by the cases of
 
 Shearin
 
 v. Shearin, 5 Jones Eq., 233;
 
 Taylor
 
 v.
 
 Taylor,
 
 1 Jones, 528, that not only the answer but affidavits‘may be heard as to the amount of alimony proper to be allowed. The utmost reach of indulgence has been allowed by the Legislature and the courts when alimony is decreed upon the mere allegations of the petitioner ; but to allow the
 
 amount
 
 of alimony, as well as the
 
 right
 
 to it, to depend upon the statements in the petition, might in all, and doubtless would in many, casess .'work great hardship. The defendant therefore ought to be heard, at least upon the
 
 amount
 
 of alimony ; and this can ‘■only be after he is brought in by the service of process.
 

 The similarity of the language used by the Judge in stats ing this case, to that of this court in
 
 Taylor
 
 v. laylor,
 
 supra,
 
 induces us to believe that his Honor aoted in deference to what he supposed to be the proper oenstruotion of that case. It will be found however that that case was de-^ cided before the Rev. Code was enacted, under the statute of 1852, which gave the court power, at the return term, or at any time thereafter, to allow alimony. The court in commenting upon that statute said, ** tha,t it was the duty
 
 *66
 
 of the court, at the return term, or at any time when application is made,” to allow alimony. But it is evident that what was meant by “at any time,” was, at any time subsequent to the return term. And in that case the fact was that the application was subsequent to the return term. ms We have not overlooked the fact, that, in an appeal to this court from an order for alimony, this court is restricted by the statute from looking into anything except the petition itself, in order to determine the petitioner’s right to relief. But the present is a question as to the
 
 power
 
 of the court over the subject at the time ; and we think that his Honor had not the
 
 poioer
 
 to allow alimony at that time, because
 
 the suit was not 'pending.
 

 It was insisted on in the argument that the petition is so. inartificial in form that no decree can ever bo founded upon it; that the facts are not
 
 alleged,
 
 but only stated hypothetically. The haste with which pleadings have to he prepared upon the circuit affords a reasonable excuse for an occasional absence of accuracy and precision. But a radical departure from ordinary forms is inexcusable, it embarrasses the court and jeopardizes the interests of suitors. As the case has to go back, the petition will probably be amended.
 

 The interlocutory order allowing alimony is reversed..
 

 This opinion will be certified to the court below.
 

 Pkr Curiam.
 

 Interlocutory order reversed..