Caroline A. Middlebrook, Respondent, *v.* Mary E. Travis and Others, Appellants.

*Partition — trial of action, not barred by the pendency of another action commenced on the same day.*

The pendency of an action for partition, commenced by the service of a summons and complaint on certain of the defendants, and pleaded as a bar to another action for the partition of the same premises ready for trial first, the summons in which was served on certain of the defendants on the same day that the first-mentioned action was commenced, and the plaintiff in which, although a defendant in the other action, was not served with the summons therein until after the commencement of his own action, does not constitute a bar to such latter action or to the granting of a judgment of sale therein.

Appeal by the defendants, Mary E. Travis and others, from an interlocutory judgment of the Supreme Court, rendered at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 28th day of December, 1892, in favor of the plaintiff, for the sale in partition of the premises described in the complaint in an action brought for that purpose.

*Thomas Nelson,* for appellant Travis.

*Edward Wells, Jr.,* for appellant Mills.

*William M. Powell,* for the respondent.

O'Brien, J.:

Apart from the question of costs, in view of the statement upon the argument, which was not denied, that the premises have been sold for a satisfactory sum, no useful purpose is to be served by interfering with the judgment under which such sale took place.

The defendants appellants insist that, having pleaded the pendency of another action, this was fatal to the rendering of a judgment herein. It appears that the summons in both actions was served on the same day, and of the twenty-seven parties to both actions only ten are common to both, the difference in parties resulting from the plaintiff in this action having included the husbands of the tenants in common as parties, whilst in the action claimed to have been first commenced and pleaded in bar, such husbands were not made par--

ties, but tenants, under lettings of some part of the premises, were included as parties defendant.

While doubt has been expressed as to whether husbands of the owners of the fee are necessary parties, and while it is unquestioned that they are proper parties, it is evident that in these possessory actions tenants under lettings in possession should be joined in the action. The only point, however, urged upon this appeal is as to the effect of the defense of a former action pending upon the right to enter the judgment appealed from. The summons and the complaint in the action thus referred to were dated before the plaintiff therein had acquired any right to commence such action; and if we take the date of the commencement of the action to have been at the time of the service of the summons, then, as the summons in this action was served on the same day as the summons and complaint in the other action, and as the law does not regard fractions of a day, the judge was not precluded, upon this action being first ready for trial, from proceeding to judgment.

Moreover, when this action was commenced, there was no action pending against this plaintiff, because she was not served with the summons in the other action until after she had commenced her own by the service of a summons on certain of the defendants.

We think, therefore, that, as it appeared upon the trial that a prior action was not pending between the same parties, the defense was not made out, and judgment was properly awarded to plaintiff. The judgment appealed from should, therefore, be affirmed, with costs and disbursements.

FOLLETT, J., concurred.

VAN BRUNT, P. J.:

The plea contained in the answer of the defendant Travis, that at the time of the commencement of this action there was an action pending in this court, brought by this appellant against the other parties to 'the action, with the exception of such as were husbands of some of the tenants in common, and also against the tenants in possession; and that certain parties (naming them) were tenants in possession and were not parties to this action, was a good plea in abatement.

Parties in possession of property sought to be partitioned are not only proper parties, but necessary parties, because, without their presence, their rights cannot be adjudicated upon in such a manner as shall be binding upon them. A party in possession, with an unrecorded deed, by his possession gives notice to all the world of the existence of his claim ; and if there is any outstanding claim by any person in possession the only way in which it can be cut off is by making him a party to the action where the premises are sought to be partitioned and sold. Therefore, if there are parties in possession, and such parties are not made defendants in the partition action, it is a defect which any of the defendants have a right to avail themselves of. And if the defendants in this action had proven that tenants in possession were not made parties, it would have been the duty of the court to have refused a decree until those parties had been brought in so that they could be bound by it. But the difficulty with the defendant's position is, that although she has alleged in the answer and requested the court to find that certain tenants in possession were not made parties, there is no proof of the fact, and it does not appear to be admitted anywhere in the record.

The claim in respect to the husbands of some of the tenants in common being necessary parties, cannot be supported, because a husband has no interest whatever in the real estate of his wife unless she dies possessed of the same, having had living issue of the marriage.

For the failure to prove the facts stated in the plea of abatement, it is necessary to concur in the opinion of Mr. Justice O'Brien for affirmance.

Judgment affirmed, with costs and disbursements.