THE D. G. BURTON COMPANY, Respondent, *v.* STUART W. COWAN and Others, Appellants; EDWARD W. HEINSOHN and Others, Respondents.

*Decision of a referee on the facts — not interfered with by the appellate court — an action is not pending until process is served — a separate action by each lienor may be commenced under the Mechanics' Lien Law — agreement between an owner and a contractor as to damages sustained by delay — when not conclusive.*

An appellate court will not set aside the decision of a referee on a question of fact, rendered upon conflicting evidence, as against the weight of evidence [even though the appellate court might have reached a different conclusion itself], unless the preponderance of evidence in favor of the party against whom the judgment was rendered is so great that it can be said, with reasonable certainty, that the findings of the referee are erroneous.

An action brought to foreclose a mechanic's lien is not pending as against a person named therein as a defendant until he is served with process.

Under the Mechanics' Lien Law (Chap. 342 of 1885) each lienor may commence his separate action for the foreclosure of his lien, subject to the right of any party to move to consolidate the actions as provided for by that statute.

Although the owner of real estate and the contractor erecting a building thereon, may have agreed as to the amount of damages sustained by the former from an alleged delay in the completion of the work, such agreement is not conclusive on the subject where the consideration therefor was a stipulation by the owner relative to deposits of money and contests of liens, which he failed to comply with; such default on the part of the owner avoids the agreement.

APPEAL by the defendants, Stewart W. Cowan and others, from a judgment of the Supreme Court in favor of the plaintiff and certain of the defendants, entered in the office of the clerk of the county of Westchester on the 3d day of November, 1893, upon the report of a referee directing the foreclosure and sale of certain real estate under a mechanic's lien.

*Stewart W. Cowan,* for appellants Cowan, Beach & Field.

*Walter R. Beach,* for appellants Rich & Storms.

*Milo J. White,* for respondent D. G. Burton Co.

*Joseph S. Wood,* for respondents Heinsohn & Maxwell.

*Isaac N. Mills,* for respondents Benson and others.

*David O. Williams,* for respondents Dupric and others.

CULLEN, J. :

This is an appeal from a judgment in favor of the plaintiff and certain of the defendants against the other defendants, entered on the report of a referee.

The action is brought by the plaintiff, which furnished material for the erection of certain buildings, against the owners of the premises and certain other lienors, to foreclose a mechanic's lien. The contractors abandoned their contract before completion, and the buildings were finished by the owners. After deducting the cost of completion from the contract price there concededly remained a large sum applicable to the liens, but there was a bitter dispute as to what that sum was, although the amount of the difference between the parties was comparatively small. The question of the cost to the owners of completing the contract, and the allowance to be made on one side for defects and delay, and on the other side for extra work, was solely one of fact. We are not justified in interfering with the decision of the referee in this respect, even though we might have reached a different conclusion ourselves, unless the preponderance of evidence in favor of the defendants against whom judgment was rendered was so great that it can be said with reasonable certainty that the findings of the referee are erroneous. (*Barnard* v. *Gantz,* 140 N. Y. 249.) A review of the evidence shows that there was a sharp conflict of testimony, but no such clear preponderance as to bring the case within the rule cited.

One of the defendants, a lienor prior to the commencement of this action, began an action in the County Court to foreclose his lien, filing complaint and *lis pendens,* and serving the summons on the defendant owners. He did not serve the plaintiff in this action, although the plaintiff here was there named as a party defendant. On these facts the defendant owners set up the plea of another action pending. This was overruled by the referee, on the ground that the claim of this plaintiff exceeded in amount the jurisdiction of the County Court. It is not necessary to express any opinion on the ground of this ruling, as we think the ruling was correct for other reasons. The action was not pending as against this plaintiff till he was served with process. (*Warner* v. *Warner,* 57 N. Y. St. Repr. 764; *Haynes* v. *Onderdonk,* 5 T. & C. 176.)

We are also of opinion that under the Mechanics' Lien Law any lienor may commence his separate action subject to the right of any party to move to consolidate the actions as provided for by that statute.

The agreement between the owners and the contractors fixing the amount of damages for alleged delay, made at the time of the abandonment of the work, was not conclusive on that subject. As the consideration for that agreement and allowance the owners made stipulations on their part relative to deposits of moneys and contests of liens, which they wholly failed to comply with. This default on their part avoided the agreement.

The judgment appealed from should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.