(86 App. Div. 236.)

HART v. HART et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. ABATEMENT—ANOTHER ACTION PENDING.

Pendency of an action for partition of real estate, in which summons
has not been served on one of the defendants therein nor the grantee of
his interest in the estate, is not a ground for the abatement of a subse-
quent action for the same cause instituted by the grantee of such de-
fendant, though the grantee and defendant at the time of the conveyance
knew of the commencement of the former action.

Appeal from Special Term, Westchester County.

Action by Frances A. Hart against James C. Hart and others.
From an interlocutory judgment determining that plaintiff's action
was not abated by a pending action, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Edgar T. Brackett, for appellants.
Albert C. Aubery, for respondent.

PER CURIAM. This is an action for partition. October 21,
1901, Jessie B. Crawford, in an action for partition of the same prem-
ises, served a summons on James C. Hart and Nellie Hart at Saratoga
Springs, and on October 22d she similarly served Eunice Hart at
Ballston Spa, and attempted, but failed, to serve Charles C. Hart.
On October 23, 1901, the summons served on Eunice Hart was sent
through the mails by a sister of Frances Hart to Frances, who re-
ceived it on that day. On October 23d Frances Hart handed the
summons to an attorney at law, and on that day and thereafter,
Charles C. Hart, knowing the contents of the summons, executed
and delivered a deed to his daughter, the said Frances Hart, of a
one-fourth interest of the premises in question, which deed was re-
corded on October 23, 1901. On October 25, 1901, Frances Hart,
this plaintiff, by the said attorney, filed her summons and complaint
and lis pendens in this action, recorded her lis pendens, and served
the defendants Charles C. Hart, Kate M. Boyce, George W. Boyce,
George Jewell, Mary Colyer, and John McCoy. On October 26th
Frances Hart also served James C. Hart, Jessie B. Crawford, and
Frank Crawford between 9 a. m. and 12 m., at Saratoga Springs,
N. Y., and at 1 p. m. of that day served Eunice Hart at Ballston Spa.
On October 26th, at 5:30 p. m., Jessie Crawford served her sum-
mons upon Charles C. Hart at Ballston Spa. On October 28, 1901,
Jessie Crawford filed her complaint and lis pendens, and recorded the
latter instrument. On November 2, 1901, Frances Hart served her
summons and complaint upon Nellie Hart, the remaining defendant
in her action. On November 9th, the Special Term of this court
made an order ex parte amending the papers and proceedings herein
by adding as defendants Frances Hart, George W. Boyce, Kate M.
Boyce, George Jewell, Mary Colyer, and John McCoy, permitting the
filing of an amended complaint and lis pendens, ordering a supple-
mental summons, and that all proceedings stand with the same force
and effect as if this action had been originally brought against the

defendants. On November 13, 1901, Frances Hart, George W. Boyce, Kate M. Boyce, and John McCoy, and on November 14, 1901, George Jewell and Mary Colyer, were served with a summons, respectively, by Jessie Crawford, dated November 7, 1901.

The sole question raised by the answer herein is whether there was, and now is, another action pending in the Supreme Court of the county of Westchester, in which action Jessie B. Crawford was and is plaintiff, and in which this plaintiff and the other defendants named in the summons and complaint herein are defendants, being for the same cause set out in the complaint herein. The action of Jessie Crawford was not pending against Frances Hart, the plaintiff herein, or against Charles C. Hart, her father, until they were served with process respectively. Burton Co. v. Cowan, 80 Hun, 392, 30 N. Y. Supp. 317, citing Warner v. Warner (Sup.) 27 N. Y. Supp. 160; Haynes v. Onderdonk, 5 Thomp. & C. 176. Frances Hart filed her summons and complaint and lis pendens, and recorded the latter instrument, and also served some of the defendants in her action, on October 25, 1901. As she was not served in the action brought by Jessie Crawford until after November 9th, therefore no action was pending against her until that date, and until after she had begun her action. Consequently, the plea of prior action pending is not available as against her. Warner v. Warner, supra; Middlebrook v. Travis, 68 Hun, 155, 22 N. Y. Supp. 672; Utica, etc., Co. v. Otis, 37 Hun, 301. As to the ex parte order of the Special Term for the service of the supplemental summons and complaint upon Frances Hart, it is sufficient to say that, in any event, such action was only begun as to her when she was brought in by amendment. Shaw v. Cock, 78 N. Y. 194. On October 23, 1901, when Charles C. Hart transferred his interest to Frances Hart, whereby alone she was enabled to bring her action, there was no action pending against him, for he was not even served with the summons until October 26, 1901, and not until October 28, 1901, did the plaintiff Jessie Crawford file her complaint and lis pendens and record the latter. The Trial Term has found that Charles C. Hart knew of the summons at the time he made his conveyance to Frances Hart. But legally that was no impediment to him; for the summons, though outstanding, had not been served upon him, and therefore no action had been begun against him. Even proof of the service of a summons has been held insufficient to establish the plea of another action pending. Hoag v. Weston, 10 Civ. Proc. R. 92; Phelps v. Gee, 29 Hun, 202. It is undoubtedly true that the plea of a former suit pending is permitted to stop vexatious suits. Sparry's Case, 3 Coke, 123, was thus decided upon the maxim, "Nemo debet bis vexari si constet curiæ quod sit pro una et eadem causa." See, too, Porter v. Kingsbury, 77 N. Y. 164. But in Porter's Case, Andrews, J., says that the plea must be one which, in its nature, related to the facts existing at the commencement of the action in which the plea was interposed. Undoubtedly, Jessie Crawford is vexed, and she has grounds for her plaint that Frances Hart has stolen a march upon her. The beginning within a space of four days of separate suits by different plaintiffs for partition of the same realty may be only a coincidence.

But when the second suitor had no interest in the premises until after she learned of the beginning of the first suit against some of the defendants by receiving the summons served upon one of them, wherein her father was named as a defendant, and when, after handing that summons to an attorney, her father, with knowledge of that summons, immediately conveys his interest to her, so that she is enabled to bring her suit, which she does forthwith by the said attorney, there are grounds for the inference, inasmuch as there are many defendants resident in different localities that the second suitor has entered upon a race for the laurels of a plaintiff's costs. But even if these facts went beyond inference, and as far as moral proof, we do not see our way clear under the issue and upon the facts found to halt this plaintiff in her course. The question presented is not of legal ethics, but of legal rights, and we have no alternative but to affirm the judgment, which we do, without costs.

The present attorney and counsel for the plaintiff submits an order which establishes that he was substituted for the original attorney on December 6, 1902.

Interlocutory judgment affirmed, without costs.