## W. J. PETTIGREW v. R. S. McCOIN.

(Filed 6 May, 1914.)

### Actions Pending—Issuance of Summons—Statement.

Under the express provision of our statute a civil action commences upon the issuance of a summons from a court of competent jurisdiction (Revisal, sec. 359), and as the statute fixes the time of the inception of the action, it is pending from that time. Hence an action between the same parties upon the same subject-matter, returnable to a different jurisdiction, will abate, and upon motion will be dismissed, when it appears that the summons was subsequently issued, though served in priority of time.

CLARK, C. J., dissenting.

APPEAL by defendant from *Devin, J.,* at September Term, 1913, of DURHAM.

This is an appeal from the refusal of a motion to dismiss the present action, upon the ground of the pendency of another action in Vance County, heard upon the following facts:

"The defendant in this action caused a summons to be issued against the plaintiff here from the Superior Court of Vance County, on 5 March, 1913, entitled R. S. McCoin v. W. J. Pettigrew and the American Bonding Company of Baltimore, Maryland, which was immediately sent by mail to the sheriff of Dur-

PETTIGREW *v.* McCOIN.

ham County for service. It was in the office in Durham on the morning of 6 March, but the sheriff was out of town and only received it on the morning of the 7th; but was unable to find the defendant, who was out of town, until the night of 8 March, when the summons was duly served, about the hour of 9 p. m.

"The summons in this action was issued on 7 March, 1913, from the Durham Superior Court, and sent by special messenger to Henderson, Vance County, on 8 March, 1913, when it was delivered to the sheriff of Vance County and served upon the defendant in this action early in the afternoon of that day, between the hours of 1 and 2 p. m., before the service of the Vance County summons upon the defendant in that case in Durham.

"Both actions are upon the same cause in courts of this State, and between the same parties, with the addition in the Vance action of the surety upon the bond of the said Pettigrew for the performance of the contract set out in the complaint. Both actions are still pending and undecided.

"Upon the foregoing facts his Honor was of the opinion, and held, that the Superior Court of Durham was entitled to entertain and proceed with the action begun on 7 March, and denied defendant's motion to abate and dismiss this action," and . . . "the defendants excepted and appealed."

*L. L. Lilley and Manning, Everett & Kitchin for plaintiff.*
*T. T. Hicks and T. M. Pittman for defendant.*

ALLEN, J. The question presented by this appeal is whether an action is pending from the issuing of the summons or from its service.

There is a diversity, but not necessarily a conflict, of opinion on the point, due to the fact that it is held in some States that the action is commenced when the complaint is filed, in others when the process is issued, and in others when the process is served (1 A. and E. Pl. and Pr., 119), and this apparent conflict in the decisions as to the time of the commencement of the action seems to have originated in the difference in the rule at law and in equity, before the Code practice was adopted.

"At common law the suit was considered as pending from the issuance of the writ; in equity the writ was issued after bill filed, and the suit regarded as commenced from the time of the service of the writ." *Handlon v. Handlon,* 37 W. Va., 491.

The authorities seem, however, to agree that the action is pending from the time of its commencement (1 A. and E. Enc. Pl. and Pr.), and our statute (Rev., sec. 359) declares in express terms that "An action is commenced as to each defendant when the summons is issued against him." Pending is defined in Black's Law Dictionary as "begun, but not yet completed; unsettled; undetermined. Thus an action or suit is said to be pending from its inception until the rendition of final judgment"; and as our statute fixes the inception of the action at the time of lawfully issuing the summons, we are of opinion it is thereafter pending.

The action has been commenced and is undetermined, and if not pending, the inquiry may well be made, Where is it, and what has become of it?

It is because of the pendency of the action that the courts issue restraining orders, appoint receivers, issue warrants of attachment, and do other things before the service of summons.

We have found only two authorities in our State bearing directly on the case under consideration: *Simmons v. Simmons,* 62 N. C., 65, decided before the adoption of the Code of Civil Procedure, of which Rev., sec. 359, is a part, in which it is said: "It seems, therefore, to be settled that a suit is not pending until the return, or at least until service of process," and *Webster v. Laws,* 86 N. C., 179, decided after the adoption of the Code.

In the last case the summons was issued by a justice on 9 August, 1879, and the cause tried on 20 August, 1879. The defense relied on was the pendency of another action, in which the summons had been issued before 9 August and was returnable on that day, but which had not been served. The judge in the Superior Court held that the first action was pending, and this ruling was reversed on appeal, the Court saying: "We do not concur in the ruling that, upon the facts found, the first action

was pending when the second action was begun. The process not having been served, was exhausted on the day fixed for its return, and the action was in law then discontinued."

If the action was discontinued on the return day, and not until that time, it would seem to follow that it was pending from the time of issuing the summons until the return day, although the summons had not been served.

We are therefore of opinion that the action in Vance County was pending at the time of the institution of the action in Durham, and so hold.

Reversed.

CLARK, C. J., dissenting: Under Rev., 429, a civil action is "commenced" by issuing the summons. But it is "pending" only from service of the summons or acceptance thereof. Rev., 445, provides: "From the time of *service* of the summons in a civil action or the allowance of a provisional remedy, the court is deemed to have *acquired and to have control* of all subsequent proceedings." It would seem clear that until the court has thus acquired jurisdiction, the cause is not "pending" in said court. It is merely "commenced" by the issuing of the summons.

This is clearly held in *Simmons v. Simmons*, 62 N. C., 65, in which it is said: "It seems, therefore, to be settled that a suit is not *pending* until the return, or at least until *service* of process." That case is fully discussed by *Reade, J.*, with citation of authorities. That ruling was cited and approved, *Lynch v. Lynch*, 62 N. C., 46, and has never been overruled. While that case was decided prior to the adoption of the Code of Civil Procedure, it was a construction of the meaning of the words "suit pending," and the use of the words thereafter in the Code of Civil Procedure is presumed to have been with the knowledge and an adoption of the construction placed by the courts upon that phrase. This construction has not been changed by any statute, nor has it been ruled otherwise.

*Webster v. Laws*, 86 N. C., 179, merely holds that when a magistrate's warrant was "not served, it was exhausted on 9 August, the day fixed for its return, and the action was in law then discontinued." In that case the warrant in the second

action was issued on 9 August, and as the other action had been discontinued, there was no other action "pending" on 20 August, when judgment was rendered in the latter case.

It would seem that this is the recognized ruling in this State, and it is amply sustained by authorities elsewhere, some of which are: 1 Cyc., 23, which says: "It is held that an action is not pending, to be available in abatement, until after service of the writ or of other process therein," citing *Kirby v. Jackson,* 42 Vt., 552; *Morton v. Webb,* 7 Vt., 123; *Downer v. Garland,* 21 Vt., 362; *Primm v. Gray,* 10 Cal., 522; *Weaver v. Conger,* 10 Cal., 233; *Burton Co. v. Cowan,* 80 Hun. (New York), 392; *s. c.,* 30 N. Y. Supp., 317; *Warner v. Warner,* 6 Misc. (N. Y.), 249; *s. c.,* 27 N. Y. Supp., 160. 1 Cyc., 24, also cites *Webster v. Laws,* 86 N. C., 178, that "where process is not served on the day fixed for its return, the action is discontinued. Consequently such action cannot be pleaded in abatement of an action commenced on the return day of the first process."

In *Byne v. Byne,* 1 Rich. (S. C.), 438, it is held that illegal service of process does not constitute the pendency of an action which will bar the bringing of another suit. Indeed, it has been held in 1 Cyc., 24, in some cases that the summons must not only be served, but returned and entered, before it can be pleaded, citing *Perkins v. Perkins,* 7 Conn., 558; *Com. v. Churchill,* 5 Mass., 174; *Bullock v. Bolles,* 9 R. I., 501; *Reynolds v. Mc-Clure,* 13 Ala., 159; *Dean v. Massey,* 7 Ala., 601. Also 1 Enc. L. and P., 1084, citing *Burlingham v. Cooper,* 36 Neb., 73; *Trust Co. v. Atherton,* 67 Neb., 305; *Pollock v. Pollock,* 2 Ohio Cir. Ct., 140; *Clark v. Helms,* 1 Root (Conn.), 486; and numerous other cases in that State. Later cases are *Monroe v. Millizen,* 113 Ill. App., 157; *Guinn v. Elliott,* 123 Iowa, 79; *Mc-Maham v. Hubbard,* 217 Mo., 624; *Hart v. Hart,* 83 N. Y. Supp., 897.

As to ancillary remedies under our Code, it is not required that any of them be issued after the action is pending. It is required that such orders in Arrest and Bail "may be made to accompany the summons or to issue at any time afterwards before judgment." (Rev., 731.) In Attachment, "to accompany the

summons or at any time after the commencement of the action" (Rev., 731); in Claim and Delivery, "at the time of issuing the summons or at any time before answer" (Rev., 790); as to Injunctions, "at the time of commencing the action or at any time afterwards, before judgment" (Rev., 810). As to receivers, the same rule applies "as is provided for injunctions" (Rev., 846).

Upon the reason of the thing, as well as upon authority, an action should not be forbidden to be brought simply because the other party has issued a summons, but this should be only after jurisdiction of the action is "acquired by service of a summons" (Rev., 445), for until then the defendant is not in court, and the case is not "pending." See *Worth v. Bank,* 121 N. C., 348, 349.

Any other construction would lead to much abuse, for a party who might wish to delay a proceeding could issue the summons to his own county and by successive aliases keep the cause in existence so that the other party, especially if living in another county, would be held up and barred from bringing an action there. When, however, the other party has been served and brought into court he can set up his counterclaim. This he cannot do if the mere issuing and reissuing of the summons, without service, is a pending action. This course would at least enable a party who wishes to put off litigation to do so always by the mere issuing of a summons at a cost of a few cents, and thus preëmpt the venue for his own county, when the defendant lives in another, and he can continue to do so.

Upon the facts in this case, the judgment of the court below should be

Affirmed.