DOERFLER v. POTTBERG et al.

(Supreme Court, Appellate Division, Second Department. December 10, 1915.)

1. ACTION ⊂⊃69—STAY OF PROCEEDINGS—PENDENCY OF ANOTHER ACTION.

Where plaintiff and D. each brought actions for partition of the same property, and plaintiff's action was commenced before service upon her of the summons in D.'s action, a stay of plaintiff's action until final decree in D.'s action was erroneous, as there was no action pending against plaintiff when she began her action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751; Dec. Dig. ⊂⊃69.]

2. PARTITION ⊂⊃27—ABATEMENT—ANOTHER ACTION PENDING.

Plaintiff and D. each commenced actions to partition the same property; plaintiff's action being commenced before service of the summons upon her in D.'s action. On D.'s motion plaintiff's action was stayed until final decree in D.'s action. In D.'s action plaintiff pleaded the pendency of her action, and on motion the Special Term struck out such plea. Held, that this disposition of such plea was proper, as it is the priority, and not the mere pendency, of another action that sanctions such a plea in abatement, and, plaintiff's action having been stayed, any other disposition of the motion would have involved the review of an adjudication of the court of co-ordinate jurisdiction which granted the stay.

[Ed. Note.—For other cases, see Partition, Dec. Dig. ⊂⊃27.]

3. APPEAL AND ERROR ⊂⊃1180—REHEARING AFTER REVERSAL OF RELATED ORDER.

Upon a reversal of the order staying plaintiff's action, she was entitled to a rehearing of the motion to strike such plea, and to a denial of such motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4626–4631, 4658, 4659; Dec. Dig. ⊂⊃1180.]

Appeal from Special Term, Kings County.

See, also, 156 N. Y. Supp. 107.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

William H. Griffin, of New York City, for appellant.
David Siegelman, of Brooklyn, for respondent.

JENKS, P. J. [1] Plaintiff sued for a partition of realty, and made A. Doerfler one of the defendants. A. Doerfler brought a similar action, and made, among others, plaintiff a defendant. The plaintiff appeals from an order of the Special Term that stays her action until final decree in the latter action. But it appears that the sum-

mons and complaint in A. Doerfler's action were not served upon the plaintiff as a defendant therein until 5 days after she began her action, and then with such procedure that the service was not complete until at least 10 days after the initiation of service. Section 443, Code of Civil Procedure. As there was then not another action pending against plaintiff when she began her action, the stay should not have been ordered upon the ground of another action pending. Hart v. Hart, 86 App. Div. 236, 83 N. Y. Supp. 897; Warner v. Warner, 6 Misc. Rep. 249, 27 N. Y. Supp. 160, per Rumsey, J.; 2 Fiero's Special Actions, 1591, 1592; 1 Nichols' New York Practice, 46.

[2, 3] In A. Doerfler's action, the said plaintiff subsequently as a defendant pleaded, inter alia, another action pending, and the Special Term on motion struck out that plea. This order is also the subject of an appeal. We think that the disposition thereof was orderly and proper at the time; for it is the priority, not the mere pendency, that sanctions such a plea in abatement (1 Ency. of Pleading and Practice, 752), and when the Special Term came to the consideration of the motion it appeared that the same court had theretofore stayed the action thus pleaded until the final decree in the action then before it. Any other disposition of the motion at that time would have involved the review of an adjudication of a court of co-ordinate jurisdiction. But inasmuch as the first adjudication is now pronounced error, the appellant would be entitled to a rehearing, and a denial thereupon of the said order.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.

---

### DOERFLER v. POTTBERG et al.

(Supreme Court, Appellate Division, Second Department. December 10, 1915.)

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.