mons and complaint in A. Doerfler's action were not served upon the plaintiff as a defendant therein until 5 days after she began her action, and then with such procedure that the service was not complete until at least 10 days after the initiation of service. Section 443, Code of Civil Procedure. As there was then not another action pending against plaintiff when she began her action, the stay should not have been ordered upon the ground of another action pending. Hart v. Hart, 86 App. Div. 236, 83 N. Y. Supp. 897; Warner v. Warner, 6 Misc. Rep. 249, 27 N. Y. Supp. 160, per Rumsey, J.; 2 Fiero's Special Actions, 1591, 1592; 1 Nichols' New York Practice, 46.

[2, 3] In A. Doerfler's action, the said plaintiff subsequently as a defendant pleaded, inter alia, another action pending, and the Special Term on motion struck out that plea. This order is also the subject of an appeal. We think that the disposition thereof was orderly and proper at the time; for it is the priority, not the mere pendency, that sanctions such a plea in abatement (1 Ency. of Pleading and Practice, 752), and when the Special Term came to the consideration of the motion it appeared that the same court had theretofore stayed the action thus pleaded until the final decree in the action then before it. Any other disposition of the motion at that time would have involved the review of an adjudication of a court of co-ordinate jurisdiction. But inasmuch as the first adjudication is now pronounced error, the appellant would be entitled to a rehearing, and a denial thereupon of the said order.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.

---

### DOERFLER v. POTTBERG et al.

(Supreme Court, Appellate Division, Second Department. December 10, 1915.)

Appeal from Special Term, Kings County.

Action by Abraham Doerfler against Sarah E. Pottberg and others. From an order, certain defendants appeal. Affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

PER CURIAM. Order affirmed, without costs, but without prejudice to further application to the Special Term. See Isabella R. Doerfler v. Pottberg, 156 N. Y. Supp. 106, decided herewith.

---

(92 Misc. Rep. 402)

### KIRSCHNER v. ABBOTT'S BAKERIES, Inc.

(Supreme Court, Appellate Term, First Department. November 16, 1915.)

1. COURTS ⊜190—MUNICIPAL COURT—APPEALS—PERFECTION—STATUTE.
    Where defendant's notice of appeal in the Municipal Court correctly recited the court, the amount of the judgment, and the date of its entry, but by inadvertence misstated the defendant's name, defendant also filing an undertaking correctly describing the judgment and the parties thereto, amendment of the notice of appeal nunc pro tunc will be granted, under

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes