ISABELLA R. DOERFLER, Respondent, v. SARAH E. POTT-
BERG, Individually and as Executrix of and Trustee
under the Will of LOUISE DOERFLER, Deceased, Defend-
ant, and ABRAHAM DOERFLER, Appellant.

Partition — appeal — two actions for partition of same property,
the second commenced by a defendant not served in the first —
when order of Appellate Division reversing order of Special Term
granting stay of second action not reviewable in this court.

1. When two suits are commenced, and the subject of the action
and the parties are the same, and the entire relief sought in the one
can be obtained in the other, one should, at some stage, be stayed.

2. When an action for the partition of real property is begun by
the service of the summons on one defendant, the action is not pend-
ing against the defendants not served in the sense that the court is
bound to stay an action subsequently brought for the same purpose
by one of such defendants.

3. Where two actions for the partition of the same real property
are pending, a motion for a stay involves the consideration of the
good faith of the parties, diligence in procedure on the part of the
moving party and general advantage to the parties and other ele-
ments addressing themselves particularly to the discretion of the
court. Hence, the order made thereon is not reviewable in this court.
*Doerfier* v. *Pottberg*, 170 App. Div. 578, appeal dismissed.

(Argued April 11, 1916; decided April 18, 1916.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the second judicial depart-
ment, entered December 10, 1915, which reversed an order
of Special Term granting a motion for a stay of proceed-
ings in an action of partition and denied said motion.

The facts, so far as material, and the question certified
are stated in the opinion.

*Charles Goldzier* and *David Siegelman* for appellant.

*Max Corin* for respondent.

POUND, J.   This is an appeal by permission from an
order of the Appellate Division for the second depart-
ment, reversing an order of the Special Term which

stayed all proceedings in an action for the partition of real estate on the ground that one of the defendants served had first begun his action for partition and that plaintiff, who had not been served in the first action, was not justified in beginning a new suit. The Appellate Division held that another action was not pending against plaintiff when she began her action and the stay should not have been granted. The following question is certified for review: "Is the commencement of an action for partition of real property in the Supreme Court of the State of New York and the service of the summons and complaint therein upon some of the defendants such a pendency of action as to make a stay of proceedings in an action thereafter brought for the same relief by one of the defendants not served a proper remedy on the part of the plaintiff in the former action who has been made a party defendant in the latter?"

When two suits are commenced and the subject of the action and the parties are the same and the entire relief sought in the one can be obtained in the other, one should, at some stage, be stayed, but when an action for partition of real property is begun by the service of the summons and complaint on one defendant, the action is not pending against the defendants not served in the sense that the court is bound to stay an action subsequently brought for the same purpose by one of such defendants, on the application of the plaintiff in the first action, solely on the ground of another action pending. (*Hart* v. *Hart*, 86 App. Div. 236.) From the nature of things, two actions for the partition of the same real property could not both be prosecuted to final judgment, but a motion for a stay involves the consideration of the good faith of the parties, diligence in procedure on the part of the moving party, the general advantage to the parties and other elements addressing themselves particularly to the discretion of the court.

The question certified is, by reason of its general terms,

one which we have no power to answer. Granting a motion of this character under the conditions stated in the question may or may not be proper, as other conditions may suggest, but the stay is not, on the facts stated, a legal right or necessarily even a proper remedy. The jurisdiction of this court is limited to the review of questions of law and none is presented. (*Gittleman* v. *Feltman,* 191 N. Y. 205.)

The appeal should be dismissed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN and SEABURY, JJ., concur.

Appeal dismissed.