The Nosrep Corporation, Appellant, *v.* Clinton Securities Corporation, Respondent.

Second Department, November 23, 1920.

**Trial — specific performance — right of plaintiff to discontinue without costs after filing summons and complaint and notice of pendency but before service of summons — right of sole defendant to compel acceptance of answer before service of summons.**

Where the plaintiff in an action for specific performance has filed the summons and complaint and notice of pendency but has not served the summons and complaint on the sole defendant named, he is entitled to an *ex parte* order discontinuing the action without costs, unless substantial rights had accrued and injustice had been done, though the defendant named has served an answer which was forthwith returned.

The Special Term could open the *ex parte* order, and the question before it would be whether the order had impaired substantial rights or worked injustice.

The filing of the summons and complaint and *lis pendens* did not constitute an action pending against the defendant, and the defendant did not have a right to serve an answer, and, as the plaintiff himself had sought an order lifting the *lis pendens*, there was no reason for compelling the plaintiff to accept an answer, and so no substantial rights of the defendant were affected by the order discontinuing the action without costs.

Appeal by the plaintiff, The Nosrep Corporation, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 11th day of June, 1920, granting the defendant's motion to vacate an order discharging the *lis pendens* and discontinuing the action.

*M. M. Leichter*, for the appellant.

*James E. Smyth*, for the respondent.

Jenks, P. J.:

The appeal is from an order of the Special Term that vacates an order for discontinuance and for cancellation of a *lis pendens*

without costs, obtained by the plaintiff upon an *ex parte* application. On April 21, 1920, plaintiff filed summons, complaint and *lis pendens* in an action for specific performance. The summons and complaint were never served upon the sole corporation named as defendant. Defendant served an answer which was duly returned forthwith. On ·May 10, 1920, plaintiff obtained the said order upon an affidavit that showed no service of the summons and complaint, an intention to abandon the remedy for specific performance and to seek relief by action for recovery of the deposit paid on the contract. The affidavit also showed the reception and return of the answer. Thereupon the defendant moved on notice at Special Term presided over by another justice, for vacation of the order. The court after a hearing granted the motion.

The practice of the plaintiff was proper, and as a rule the plaintiff was entitled as, of course, to the order of discontinuance without costs. (*Trow Printing, etc., Co.* v. *New York Book-Binding Co.*, 16 Civ. Proc. Rep. 122, and cases cited; Milliman's Law of Costs, 78, 79.) That is, the court had no basis for the exercise of discretion to deny the order, unless substantial rights had accrued and injustice had been done. (*Matter of Butler*, 101 N. Y. 307.) Of course, the Special Term could open the *ex parte* order (*Carleton* v. *Darcy*, 75 N. Y. 375), and the question before it was whether the order had impaired substantial rights or had worked injustice. The contention of the defendant seems to rest upon its interposed answer, and the filing of the *lis pendens*. The interposition of the answer at most presented a question of terms. But the mere filing of the summons, complaint and *lis pendens* did not constitute an action pending against the defendant. (*Warner* v. *Warner*, 6 Misc. Rep. 249; *Hart* v. *Hart*, 86 App. Div. 236; *Doerfler* v. *Pottberg*, 170 id. 578; appeal dismissed, 218 N. Y. 27.) The defendant contends that it had the right to serve an answer on the authority of *Fox* v. *Brooks* (7 Misc. Rep. 426). But Fox named two defendants, of whom one was served with the summons and complaint, and the court points out that the action was on a joint liability and the notice of appearance was served and accepted for both defendants. So in the case cited as author-

ity by the court in *Fox* v. *Brooks* (*supra*), namely, *Higgins* v. *Rockwell* (2 Duer, 652), Higgins sued Rockwell and Freeman, against whom personally judgment was prayed, and Rockwell only was not served with the summons, but both defendants appeared and united in an answer. In the case at bar there is but one defendant.

It remains to consider the filing of the *lis pendens*. The defendant does not specify any particular injury therefrom. I will concede the normal effect thereof was to destroy the ability of the defendant to sell, mortgage, and to some extent lease his property, as was said in a case not cited by counsel. (*Duer* v. *Fox*, 27 Misc. Rep. 676.) In *Duer* v. *Fox* (*supra*) the Special Term compelled the plaintiff to accept an answer, although no summons had been served, on the ground that a defendant may voluntarily appear for the purpose of protecting himself and his interests, and cites as an instance for like practice the issue of a writ of replevin and a taking thereunder. But the decision rests upon the proposition that the defendant was entitled to as speedy a trial as was possible, and to that end the defendant was entitled to make prompt appearance and serve an answer. The reason of that case does not exist in the case at bar, for the plaintiff here had sought and obtained an order that discontinued the action and lifted the *lis pendens*. What more could a trial effect — and at a later period?

It cannot be said that the defendant must answer to lift the *lis pendens*, for the Code of Civil Procedure (§§ 1670, 1674) afforded a remedy.

We think that the order must be reversed, but without costs, and the motion denied, without costs.

MILLS, RICH, PUTNAM and KELLY, JJ., concur.

Order reversed, without costs, and motion denied, without costs.