ROBERT L. SPEED, Respondent, *v.* HARRY CLARK, Appellant.

County Court, Tompkins County, December 24, 1925.

Justice's Court — jurisdiction — jurisdiction of action in Justice's Court conferred at time issue is joined — pleadings — counterclaim — under Justice Court Act, § 141, claim in cause of action upon contract of sale should have been pleaded as counterclaim in defendant's prior action for services — judgment in prior action is bar to action herein — sales — action on contract for purchase price of cow — judgment for seller reversed as against weight of evidence.

Jurisdiction of the subject-matter of an action in a Justice's Court is conferred at the time issue is joined.

The claim by the plaintiff, a State appraiser of diseased animals, in an action upon a contract of sale for the alleged purchase price of a cow, should, under section 141 of the Justice Court Act, have been pleaded as a counterclaim in defendant's prior action for services arising out of the same transaction, where it appears that while the summons in the case herein was issued one day prior to the summons in defendant's action against the plaintiff herein, the day of joinder of issue in defendant's action preceded that in plaintiff's action and the trial was had and judgment entered in defendant's action before the trial of the action of plaintiff herein. The judgment in defendant's prior action is a bar to plaintiff's action.

The judgment in favor of the plaintiff should be reversed as against the weight of evidence, since defendant clearly established that the contract between the parties was to the effect that the defendant was not to pay for the cow unless upon butchering it was found, as a fact, that it was free from disease and the evidence shows that the cow was badly diseased and the meat unfit for human consumption.

APPEAL by the defendant from a judgment in an action upon a contract of sale, rendered in Justice's Court, town of Caroline, Tompkins county.

*Bert T. Baker,* for the appellant.

*Monroe M. Sweetland,* for the respondent.

KENT, J. This is an appeal by the defendant from the judgment in favor of the plaintiff, in the Justice's Court of the town of Caroline for thirty-two dollars and costs. The action is one in contract. Plaintiff's complaint was for the alleged purchase price of a cow. Defendant's answer pleaded general denial and judgment in bar.

The parties live in the town of Caroline. The respondent is the owner of a farm in that township upon which he kept some live stock. It also appears that he was in the employ of the State of New York as an appraiser of condemned cattle. The appellant is a butcher and has a meat market at Brookton. In November, 1924, these parties had some negotiations for the sale of a cow by respondent to the appellant. The evidence is conflicting as to the agreement. The appellant went upon the farm of the respondent and slaughtered the cow and opened the carcass. The evidence is not disputed that the carcass was very badly diseased, being tubercular and unfit for human food. The appellant contends that he was to butcher the cow on the respondent's farm and if the cow was free from disease he would pay thirty-two dollars, otherwise he was to pay nothing. The respondent contends that the appellant bought the cow unconditionally and without any warranty whatsoever. The respondent testified that he asked forty-five dollars for the cow and that finally he agreed to take thirty-two dollars and insisted that the agreement was that the appellant was to take his own chances of the meat being unfit to eat.

The record also shows that the appellant commenced an action in Justice's Court against the respondent. The action at bar is based upon a summons issued April ninth and served upon appellant April tenth, the return day was April seventeenth, and the case was tried May first. The suit begun by the appellant was upon a summons issued by Justice of the Peace MIDDAUGH in the town of Caroline on April tenth, served April tenth and the issue joined April sixteenth and the case tried before the justice and a jury April thirtieth and a judgment rendered on that day, all of the foregoing dates being in the year 1925. The action before Justice MIDDAUGH unquestionably was a trial of the issues growing out of this same transaction. The judgment was in favor of the appellant Clark in the sum of five dollars and the respondent in this action paid the judgment. The judgment in favor of the appellant Clark was clearly to compensate him for his labor in

going to the respondent's farm and butchering the cow in question. The jury evidently believed that Speed warranted the cow to be free from disease.

This respondent, admittedly a State appraiser of diseased animals, should not be upheld in his position in this transaction. Speculation and gambling in the sale and purchase of diseased meats and encouraging the placing upon the market such as human food, and thereby imperiling the health and lives of others, strikes the conscience of the court most unfavorably. The appellant's version of the agreement between the parties is much more easily believable. In other words, the reliable evidence in this case clearly established the contract between these parties to be that the appellant was not to pay anything for the cow, unless it was free from disease and that fact was to be determined when it was butchered. The evidence is undisputed that the cow was badly diseased and that the meat was unfit for human food. It follows that the judgment in favor of the respondent should be reversed as against the weight of evidence.

The judgment should also be reversed and the action dismissed upon the further ground that the respondent was bound, under the provision of section 141 of the Justice Court Act, to plead his cause of action set forth in his complaint herein as a counterclaim in his answer in the action in Justice MIDDAUGH's court. Both contend that the action instituted by him gained priority over the other. The record shows that the summons in the case at bar was issued on April ninth and the summons in the Clark case was issued April tenth; that both summonses were served April tenth. The day of joinder of issue in the Clark case preceded that in the case at bar, and the trial was had and judgment entered in the Clark case before the trial of the case at bar. Clearly the issuing of summons in Justice's Court is not enough to confer jurisdiction of the subject-matter of the action, nor is the service of the summons upon the defendant. However, if the service of summons conferred jurisdiction, there was no priority gained by either, for the reason that both were served on the same day and the law does not in such matters recognize a fraction of a single day.

In *Middlebrook* v. *Travis* (68 Hun, 155, 156) the court says: " If we take the date of the commencement of the action to have been at the time of the service of the summons, then, as the summons in this action was served on the same day as the summons and complaint in the other action, and as the law does not regard fractions of a day, the judge was not precluded, upon this action being first ready for trial, from proceeding to judgment."

It would seem that the joinder of issue is the most logical act

upon which to confer definite and exclusive jurisdiction of the subject-matter of the action.

" Although an action is deemed commenced by the service of the summons, no action is pending on a particular cause of action until the complaint is filed." (See Bender's Justices' Manual [5th ed.], p. 9, § 5.)

In any event the judgment was actually rendered in the Clark case before the case at bar was tried and if this court is to be influenced by the rule that unnecessary litigation should be discouraged, its conclusion must be that the judgment obtained by Clark in Justice MIDDAUGH's court was a judgment in bar to the cause of action set forth in the complaint in the case herein. Having come to the conclusion that the Clark case acquired jurisdiction, it necessarily follows that under section 141 of the Justice Court Act, the respondent was obliged to plead, as a counterclaim, his cause of action for the purchase price of the cow. Whether he did or not, he is prevented from pleading it in this action by the provisions of said section 141.

Let judgment be entered accordingly, reversing the judgment of the Justice's Court, together with the costs of the appeal.

Judgment reversed, with costs.