■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEROY BROWN, Appellant, v. WARDEN, MANHATTAN HOUSE OF DETENTION FOR MEN, Respondent. — Judgment unanimously dismissed as moot, without costs and without disbursements. No opinion. Concur — Eager, J. P., Capozzoli, Tilzer, Nunez and Macken, JJ.

■ WESTERN INTERNATIONAL HOTELS COMPANY v. ARISTA STUDENT TRAVEL ASSOCIATION, INC.,— Motion granted to the extent of permitting defendant-respondent to appeal to the Court of Appeals, and this court, pursuant to CPLR 5713, certifies that the following question, decisive of the correctness of its determination, has arisen, which in its opinion ought to be reviewed by the Court of Appeals: " Was the order of this court which reversed the order of the Supreme Court which denied motion for a stay an abuse of discretion as a matter of law? " Concur — Capozzoli, J. P., McGivern and Markewich, JJ.; McNally and Steuer, JJ., dissent in the following memorandum by McNally, J.: I dissent and vote to deny the application. Defendant moves for reargument or for leave to appeal to the Court of Appeals from an order of this court reversing Special Term, which had granted its motion to stay prosecution of this action pending the resolution of an action commenced by plaintiffs' insurance company as subrogee in the United States District Court. This court reversed and denied the motion, with one Justice dissenting. The basis of defendant's motion is that the majority of the court misapprehended the facts. Defendant does not ask for a certification of a question of law. The majority of the court has now certified a question of law to the Court of Appeals. In my opinion, there is no question of law to certify. Involved is purely a question of discretion. Our decision, (32 A D 2d 630), reversed the order granting defendant's motion to stay prosecution " on the law, the facts and in exercise of discretion ". In a similar case the Court of Appeals dismissed the appeal. In *Doerfler* v. *Pottberg,* (218 N.Y. 27, 28) the Court of Appeals held: " the good faith of the parties, diligence in procedure on the part of the moving party, the general advantage to the parties and other elements [involved] [address] themselves particularly to the discretion of the court." The Court of Appeals held the question certified was one which it had no power to answer and dismissed the appeal. The order made herein in my opinion is not reviewable and leave to appeal therefrom should be denied. (*Doerfler* v. *Pottberg, supra.*)